PEOPLE *v.* MOONEY.

CRIMINAL LAW—GROSS INDECENCY—OTHER CRIMES—EVIDENCE—
ARGUMENT.

It was reversible error for the assistant prosecuting attorney
to introduce testimony, make statements, and argue to the
jury distinct and separate acts of immorality and indecency
on the part of the defendant, with young men other than
the one indorsed on the information charging defendant with
crime of gross indecency with another male person, the fact
that evidence of the other crimes precipitated the investiga-
tion of defendant not rendering it admissible (CLS 1956,
§ 750.338).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted January 12, 1961. (Docket No. 67, Calendar
No. 48,717.) Decided June 29, 1961.

Arthur Cletus Mooney was convicted of gross
indecency. Reversed and remanded for new trial.

*Paul L. Adams,* Attorney General, *Samuel J.
Torina,* Solicitor General, *George F. Taylor,* Pros-
ecuting Attorney, and *Robert L. Templin,* Assistant
Prosecuting Attorney, for the people.

*Carlton S. Roeser,* for defendant.

KELLY, J. An Oakland county jury found defend-
ant guilty of the crime of gross indecency.*

---

* See CLS 1956, § 750.338 (Stat Ann 1954 Rev § 28.570).—RE-
PORTER.

REFERENCES FOR POINTS IN HEADNOTES
20 Am Jur, Evidence § 309.
53 Am Jur, Trial § 482.

A 16-year-old youth testified that he participated with defendant in the commission of the crime during January or February, 1958, while he was under the influence of liquor, and that he was frequently intoxicated during the spring and summer of 1958. A detective of the Oakland county sheriff's department testified that while defendant admitted committing the homosexual act, he later repudiated the confession. A court reporter employed in the prosecutor's office testified that she recorded defendant's admission to guilt and that same was freely given and without promises.

Defendant testified that he was 50 years of age; that he had been an educator for 24 years; that he had served as an officer with the United States navy; that prior to his arrest in this case (December 16, 1958) he had never been arrested.

Defendant admitted he gave a statement to the prosecuting attorney admitting his guilt because "they asked me various questions and, while Detective Whitlock said no promises were made, if he said once, he said 10 times this statement: that he would try to make it a misdemeanor, try to get this, so I would be given a jail sentence, a short sentence, make it a misdemeanor and I would get 10 days or so, and it could be kept quiet, as the board of education wants to keep it quiet, we want to keep it quiet— want it kept quiet. * * * Well, I thought even if they made the charges, it would hit the papers and that would be no good for me or anybody else, whereas, if I made a guilty admission, and if I got 10 days in jail, it wouldn't hurt me too much. * * * Well, I wanted to get the thing over with. And I thought, if the thing was in the paper, even if an alleged act, most likely it would ruin me, and there was the pressure that a deal could be made if I would plead guilty." Defendant contended he was

not guilty and said he had never committed an act of indecency with the 16-year-old youth.

Two school teachers, a minister of the gospel, and a young man who had lived at one time with defendant, all testified they would believe defendant under oath and that his reputation in the community for truth, veracity, and good moral conduct was good.

There is merit in appellant's question number one justifying reversal and new trial, such question being:

"Did the trial court err in allowing the assistant prosecuting attorney to introduce testimony, to make statements and to argue to the jury distinct and separate acts of immorality and indecency on the part of the defendant with young men other than the one indorsed on the information?"

Detective Charles Whitlock testified that on December 12, 1958, an accident occurred in West Bloomfield township resulting in the death of a 16-year-old boy; that the subsequent investigation revealed "that there had been quite a bit of beer drinking by these boys," one of whom was the boy with whom defendant was found to have committed the act of gross indecency; that the investigation disclosed that the boys obtained the beer from defendant Mooney; that "along with the information as to the furnishing of beer to these boys, we received information that there had been lewd, homosexual parties at the home of the defendant and with this information these boys were interviewed. My first connection with the case was on the day of the funeral of" the dead boy. He testified that he talked to 2 boys concerning the matter.

Appellee attempts to justify the introduction of this testimony of Mr. Whitlock by stating:

"In response to appellant's first contention under this issue, there is no question that the people's

witness, Detective Whitlock, did testify that 'we received information that there had been lewd, homosexual parties at the home of the defendant, and with this information these boys were interviewed.' As the court will note, however, this relevant and material testimony elicited by the people was essential toward establishing in evidence these circumstances which precipitated the officers' investigation and subsequent apprehension of the appellant, Mr. Mooney."

We do not agree with appellee. In *People* v. *Dean,* 253 Mich 434, defendant was accused of gross indecency with a boy and the prosecution was allowed to prove similar acts by defendant with other boys. In that case we said (p 438):

"The only apparent reasoning on which this testimony can be said to be relevant is that it tends to establish a disposition on the part of the defendant to commit such an act. If admissible for that purpose, other larcenies might be proven in a case where a man was charged with that offense, and other assaults, bigamies, rapes, et cetera, in like cases.

"That the defendant committed similar offenses with other boys has no direct tendency to show that he committed that with which he is charged, which had no connection with them. By the admission of such testimony, he is, in effect, called upon to defend against charges, without notice that he would be required to meet them. Where the charge involves conduct with the same person, as in the *Swift Case* [*People* v. *Swift,* 172 Mich 473], he may, on the preliminary examination, elicit the fact that such testimony will be relied upon by the prosecution and be prepared to meet it as best he may.

"The only purpose of submitting such proof in this case was to render it more probable in the minds of the jury that the defendant committed the offense with which he is charged, and on reason as well as authority it was not admissible for that purpose."

In argument to the jury, the assistant prosecuting attorney referred to men who preyed on boys under 16 years of age.

The fact that evidence of these other crimes precipitated the investigation of defendant did not render it admissible. If this were the case, the rule against admissibility of evidence of other crimes could be circumvented on the pretense that they were leads which resulted in the apprehension of defendant for the crime charged. The impact upon the jury of this evidence was unquestionably considerable and for this reason the conviction is reversed, and the case remanded for new trial.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.