STATE v. LEO M. WHELAN.

189 N. W. (2d) 170.

August 13, 1971—No. 42246.

---

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *James M. Kelley,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Kelly, and Rosengren, JJ.

KELLY, JUSTICE.

Defendant appeals from a judgment of conviction of the crime of sexual intercourse with a child [1] entered following a jury verdict of guilty.

---

[1] Minn. St. 609.295, provides, in part: "Whoever has sexual intercourse with a female child under the age of 18 years and not his spouse may

Upon appeal, defendant contends that the judgment of conviction should be reversed because (1) the evidence is inadequate to support a finding of guilty of the crime charged; (2) the trial court abused its discretion in allowing the victim to testify; (3) the trial court abused its discretion in refusing to allow defendant to take a deposition of a witness on active duty with the United States Army in South Vietnam; and (4) error was committed when the trial court allowed testimony about other sexual misconduct of the defendant with the same victim without sufficient notice.

■ It is well settled that on an appeal challenging the sufficiency of the evidence, this court will determine whether under the evidence contained in the record the jury could reasonably find the defendant guilty of the offense charged. We must view the evidence received in the light most favorable to the jury's verdict. State v. Kline, 266 Minn. 372, 124 N. W. (2d) 416, certiorari denied, 376 U. S. 962, 84 S. Ct. 1124, 11 L. ed. (2d) 980. It is apparent from an examination of the record that the evidence was sufficient to support a verdict of guilty. No useful purpose would be served in stating the sordid facts in this case. There is ample direct testimony from the victim to convict defendant of the crime charged. There was corroborating evidence from her 10-year-old sister, and we believe it is adequate to support the conviction.

Defendant argues that there was no medical testimony and thus the evidence is insufficient to justify a guilty verdict. The absence of a physical examination does not prevent the jury from finding defendant guilty. State v. Reichenberger, 289 Minn. 75, 182 N. W. (2d) 692. If the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude

---

be sentenced as follows:

\* \* \* \* \*

"(2)  If the child is ten years of age but under the age of 14 years, to imprisonment for not more than 20 years."

that defendant was proved guilty of the offense charged, a reviewing court will not disturb its verdict. State v. Norgaard, 272 Minn. 48, 52, 136 N. W. (2d) 628, 632. Our careful review and consideration of the record persuades us that the jury could conclude beyond a reasonable doubt that defendant was guilty of the crime charged.

■ Defendant's second contention of error is that the trial court abused its discretion by allowing the victim to testify. Every person of sufficient understanding may testify in criminal proceedings. Minn. St. 595.02. When an infant or a person of apparently weak intellect is produced as a witness, the trial court may examine such person to ascertain his capacity and to determine whether he understands the nature and obligations of an oath, Minn. St. 595.06.

This court stated in State ex rel. Dugal v. Tahash, 278 Minn. 175, 177, 153 N. W. (2d) 232, 234:

"Determination of a person's competency as a witness is within the sound discretion of the trial court and is ordinarily made by such preliminary examination of the proposed witness as may be deemed necessary by the court. If it appears from the examination that the witness understands the obligation of an oath and is capable of correctly narrating the facts to which his testimony relates, the witness is competent in fact and should be permitted to testify."

Examination of the record discloses that the victim was able to recollect and relate relevant events and understood the nature and obligation of an oath and that the lower court was mindful of the test of competency of a witness. The victim was attending special classes in school and was a slow learner. After a thorough examination, the trial court determined that the victim's testimony should be received. We find no abuse of discretion by the trial court.

Although there may be merit in defendant's argument that the victim should have had a psychiatric examination, the competency of a witness is to be determined by the trial court. In the

light of a review of the examination conducted in the court below and of the testimony of this witness, we do not feel that the trial court abused its discretion in denying the defense request that the victim be examined by a psychiatrist.

■ Defendant's third contention of error relates to the trial court's denial of defendant's motion requesting that the trial court order that the deposition of one Dennis Gulbertson be taken while he was on active duty with the United States Army in South Vietnam. The accompanying affidavit to the motion indicated that the victim had previously made charges against Dennis similar to those made against defendant, and that, when confronted by Dennis, she said the charges were untrue and admitted that she had been lying.

Minn. St. 611.08 states, in part:

"Upon cause shown to the court in which any criminal action is pending, a judge thereof may by order allow depositions of witnesses on behalf of the prisoner to be taken in the same manner and in like cases where they may be taken in civil actions."

This statute permits, but does not require, the trial court in the exercise of its discretion to allow depositions of witnesses to be taken. Minn. St. 645.44, subd. 15, states the word "may" is permissive. We hold that the trial court did not abuse its discretion in refusing to allow the deposition to be taken.

■ Finally, defendant alleges a violation of the rule of State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167,[2] based on the

---

[2] In State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167, we held that, even though evidence of additional crimes and misconduct may be admissible under some exception to the general exclusionary rule, such evidence shall not be received unless within a reasonable time before trial the state furnishes defendant with a written statement of the crimes or misconduct it intends to show he has committed. This rule is subject to the following exceptions: (a) Offenses which are part of the immediate episode for which defendant is being tried; (b) offenses for which defendant has previously been prosecuted; and (c) offenses which are introduced to rebut defendant's evidence of good character.

following answer by the victim's mother to the prosecutor's question about a conversation with the victim:

"Q. And the other things that she told you; is that all she told you?

"A. She said it happened three times."

The word "it" was an obvious reference to the act of sexual intercourse, with which defendant was charged. This answer was given on redirect examination after defendant's counsel on cross-examination initially inquired into the date that the mother learned of the incident from the victim. The date for this conversation was given by the mother as the later part of August.

At the request of the prosecutor, the judge permitted him to inquire into the contents of the conversation on the theory that defendant's counsel had introduced the subject on cross-examination and "if the door is opened for part of the conversation, it's open for all of it."

The theory that inquiry into part of a conversation or about a conversation opens the door for the admission of all of the conversation may be an appropriate theory in some instances because admission of a part of some conversations taken out of context may require that all the conversation be gone into to give the court and jury a correct understanding of the facts. It is not a rule that should be applied in all cases. Here, it was obvious from a previous question and the ruling thereon that the conversation would include a statement that the victim had experienced sexual acts other than the one with which the defendant was charged. It is, of course, conceivable that evidence produced or elicited by the defense in some cases might invite, indeed require, the prosecution to prove the commission of another crime by the defendant, a crime which the prosecution may have had no pretrial intention of proving. We find nothing in the evidence produced or elicited by the defense in this case that would invite, much less require, the prosecution to negate or explain away evidence elicited or produced by the defense.

The mother's answer that "[s]he said it happened three times"

was ambiguous because there was no indication whether the acts referred to happened three times on the same day or on three different days. Upon later questioning by defense counsel, it was made clear that the mother's reference was to three different days, one being June 23, the date on which the crime with which the defendant was charged allegedly occurred, and two other occasions subsequent to June 23. The prosecutor did not interrogate the mother of the victim about these other offenses beyond eliciting the initial statement that it happened three times. The testimony by the mother that two of the occasions occurred subsequent to the date of the alleged crime was elicited by counsel for the defendant. The prosecutor did not mention any other offenses by the defendant in his argument to the jury and thus the effect of the question was not amplified or magnified by the prosecution.

The purpose of the Spreigl requirement that the defendant be informed of the state's intent to introduce evidence at the time of trial of additional crimes or misconduct of which he is purportedly guilty is to prevent his being taken by surprise and to give him an opportunity to prepare whatever defense might be available to him. Dialogue between the prosecutor and defendant's counsel in this case discloses that the defendant's counsel was aware by reason of a similar incident which occurred at the preliminary hearing that inquiry into the conversation would be the basis for a claim by the prosecution that the door had been opened to further inquiry about the conversation. However, we disapprove of the prosecutor's inquiry into the contents of the conversation and do not concede that all inquiry into or about a given conversation of necessity opens the door to a complete inquiry about the conversation.

As pointed out in Spreigl, this court has adhered to the rule excluding evidence connecting the defendant with other crimes with certain exceptions. One exception was carved out in State v. Schueller, 120 Minn. 26, 138 N. W. 937, in which this court held that prior acts of sexual misconduct with the same victim

were admissible in connection with a charge for a similar offense.[3] In Spreigl, it was noted:

"Where a defendant is charged with a particular offense, it has been argued that he should be prepared to defend against evidence of similar crimes involving the same victim.[12] * * *

"[Footnote 12] It has been suggested that such information may be elicited by defendant at the preliminary hearing. People v. Mooney, 363 Mich. 454, 457, 109 N. W. (2d) 845, 847." 272 Minn. 493, 139 N. W. (2d) 171.

It would appear that the evidence admitted here would have been admissible prior to Spreigl.

Under the rule in Spreigl, notice need not be given by the prosecution of its intention to produce evidence of other offenses by the defendant if the other crimes are a part of the immediate episode for which the defendant is being tried. The defendant in the case now before the court was being tried for an offense alleged to have occurred on June 23. While the mother did not know the date on which the other two offenses had occurred, they were subsequent to the offense in question and one had supposedly occurred at the defendant's home and the other at the victim's place of residence. We cannot hold, therefore, that any exception to the Spreigl rule was involved in the instant case. Thus, the trial court committed error in allowing the prosecutor to inquire into the contents of the conversation.

That error was not prejudicial, however, in view of the prosecutor's conduct, the instructions given the jury, and the strength of the evidence against defendant.

The answer that "it happened three times" was not enlarged upon by the prosecutor nor touched upon in final argument. Furthermore, the error was minimized by the trial court's instruc-

---

[3] The courts generally have not made any great distinction between offenses committed with the same victim prior to the act with which the defendant is charged and offenses committed subsequent thereto. Annotation, 77 A. L. R. (2d) 841, 852, 857.

tions that "the State must establish by proof beyond a reasonable doubt that the Defendant, Leo M. Whelan, did on the date in question, June 23, 1968, have sexual intercourse with the child * * * age eleven, not his spouse. He is not charged with any other offense." Moreover, the evidence tending to establish defendant's guilt was strong. In State v. Sandve, 279 Minn. 229, 234, 156 N. W. (2d) 230, 234, we held that the trial court's erroneous commentary on defendant's failure to testify was not prejudicial because "[t]he evidence * * * seems to us to be so conclusive * * * that we cannot believe the court's instruction, even though erroneous, could have had any detrimental effect on the jury's determination of guilt." We have concluded in the instant case that the error in allowing the testimony in question into evidence was not prejudicial to the result on the same theory as that expressed in Sandve.[4]

Affirmed.

---

[4] To the same effect, see State v. Clark, 291 Minn. 79, 189 N. W. (2d) 167.