LEO WHELAN v. STATE.

214 N. W. 2d 344.

January 18, 1974—No. 43869.

C. *Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, whose 1969 jury conviction for sexual intercourse with a child, Minn. St. 609.295(2), was affirmed by this court in State v. Whelan, 291 Minn. 83, 189 N. W. 2d 170 (1971), now appeals to this court from an order of the district court denying his petition for postconviction relief, filed in January 1972, in which he sought relief on the ground that shortly after his conviction the victim of the crime had recanted her trial testimony.

The rule in cases of this sort is that the trial court should grant the defendant a new trial if (a) the defendant has acted with due diligence in seeking a new trial and (b) the court is reasonably convinced that the witness has indeed recanted and that without this witness' perjured testimony at trial the jury might well have reached a different verdict. See, Minn. St. 547.01(4); State v. Klotter, 274 Minn. 58, 142 N. W. 2d 568 (1966); State v. Wheat, 166 Minn. 300, 207 N. W. 623 (1926). See, also, Larrison v. United States, 24 F. 2d 82 (7 Cir. 1928); 24 C. J. S., Criminal Law, § 1454(k).

In this case defendant testified at the postconviction hearing that he first learned of the victim's alleged recantation in 1969 when two of his children told him in prison that shortly after the trial the victim had told them that she had lied at trial. Since defendant did not file the petition for relief on that ground until over 2 years later, it is clear that he did not act with due diligence. But even more important than defend-

ant's lack of diligence is the fact that defendant did not produce sufficiently persuasive evidence to convince the court that the victim indeed had recanted her testimony. The only evidence of the alleged recantation came from two of defendant's children, both interested parties, and defendant did not call the victim, although she was available to testify. Obviously, the district court was not required to credit such evidence, and we therefore hold that it did not abuse its discretion in denying the requested relief.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of submission, took no part in the consideration or decision of this case.