# STATE v. WILLIAM SHOTLEY.

233 N. W. 2d 755.

September 26, 1975—No. 43473.

*C. Paul Jones,* State Public Defender, and *Philip Marron* and *Mark W. Peterson,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *John E. DeSanto,* Assistant County Attorney, for respondent.

Heard before Sheran, C. J., and Kelly and Yetka, JJ., and considered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

Appeal from a judgment of conviction for sodomy upon or with a child in violation of Minn. St. 609.293, subd. 4, and from denial of a motion for a new trial. Defendant, who was 21 at the time of trial, was sentenced to serve no more than 10 years' imprisonment in the custody of the commissioner of corrections.

On appeal, defendant contends that the conviction should be reversed because:

(1) The trial judge permitted the testimony of an absent witness given at a preliminary hearing to be read to the jury;

(2) The trial judge refused defendant's request for psychiatric examinations of the state's witnesses;

(3) The trial judge denied defendant's request that the defendant be given a psychiatric examination the results of which would be presented to the jury;

(4) The receipt in evidence of obscene materials observed in defendant's apartment at or about the time of the alleged of-

fense and references thereto during the course of the trial were improper and prejudicial;

(5) The instructions given by the trial judge were inadequate;

(6) Defendant was improperly sentenced.

Subject to the reservations and qualifications stated in this opinion, the conviction is affirmed.

■ One of three boys who was present in the apartment of defendant on the day of the alleged offense, which occurred in March 1971, was about 13 years of age. At the preliminary hearing preceding the trial, this 13-year-old testified under oath that he observed the occurrence constituting the basis for the charge. He moved to Ohio and was not available when the case was tried before a jury in the district court. The attempts to secure his presence were superficial. Two other eye-witnesses, the victim and a third teenager, did testify in the district court proceedings. The trial judge permitted the testimony of the absent witness given at the time of the preliminary hearing to be read into evidence, apparently on the theory that he had then been subject to cross-examination by the attorney for the defendant and his testimony was no more than corroborative of that of the other teenagers. As we read it, the testimony of the absent witness was essentially corroborative, but in some respects different, from that of the other two boys.

With some misgivings, we have concluded that the use of the testimony given at the preliminary hearing was not so prejudicial under the unique circumstances of this case as to require a new trial. The Minnesota Constitution, art. 1, § 6, provides that in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him. Corresponding provisions of the Federal Constitution apply to criminal prosecutions in state courts. Berger v. California, 393 U. S. 314, 89 S. Ct. 540, 21 L. ed. 2d 508 (1969); Barber v. Page, 390 U. S. 719, 88 S. Ct. 1318, 20 L. ed. 2d 255 (1968). The United States Supreme Court has indicated that testimony given at a preliminary hear-

ing may be read to a jury without offending federally protected constitutional rights if the witness is not available at the time of the trial, if every reasonable effort has been made to secure his person, but without success, and if it appears clearly that inability of the jury to observe the demeanor of the absent witness did not prejudicially affect the defendant's right to a fair trial. Mancusi v. Stubbs, 408 U. S. 204, 92 S. Ct. 2308, 33 L. ed. 2d 293 (1972). Given the expressions of the United States Supreme Court on the subject and the aversion of this court to dilution of the defendant's right to be confronted by witnesses against him, we could not and would not affirm this conviction were it not for the fact that we consider the testimony as a whole to be overwhelmingly persuasive of defendant's guilt. See, Harrington v. California, 395 U. S. 250, 89 S. Ct. 1726, 23 L. ed. 2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S. Ct. 824, 17 L. ed. 2d 705 (1967). Our reservations on this phase of the case are such, however, as to prompt this admonition: The use of testimony of an absent witness given at a preliminary hearing jeopardizes the fairness of the trial and may result in a reversal in any case where such testimony is used, unless the evidence of guilt is so strong as to convince us that the preliminary-hearing testimony, even though subject to cross-examination, did not affect the outcome of the case. For this reason, as a matter of policy, the use of such testimony as substantive evidence should be avoided. United States v. Lynch, 163 App. D. C. 6, 499 F. 2d 1011 (1974).

■ Defendant requested the trial court to direct that the minor witnesses produced by the state be required to submit to a psychiatric examination to test their competence as witnesses. In our judgment, the ruling of the trial court was within its range of discretion. See, State v. Whelan, 291 Minn. 83, 189 N. W. 2d 170 (1971); State ex rel. Dugal v. Tahash, 278 Minn. 175, 153 N. W. 2d 232 (1967).

■ At trial, defendant requested that the court provide for

a psychiatric examination of defendant, the object of which would have been to establish that he did not have homosexual tendencies.

The A. B. A. Standards for Criminal Justice, Standards Relating to Providing Defense Services (Approved Draft, 1968), § 1.5, proposes this rule for indigent defense clients:

"The plan should provide for investigatory, expert and other services necessary to an adequate defense. These should include * * * services * * * that are required for effective participation in every phase of the process * * *."

It is true that during the trial the state suggested that defendant's behavior manifested a homosexual predisposition. Nevertheless, uninstructed as to what a psychiatric examination of this kind could or would demonstrate, we are not prepared to hold the refusal of the trial court, under the facts of this case, a cause for a new trial. See, Skavene v. State, 290 Minn. 527, 188 N. W. 2d 419 (1971); cf. People v. Watson, 36 Ill. 2d 228, 221 N. E. 2d 645 (1966).

■ At trial, the jury was informed that defendant had photographs and a poster in his possession relating to homosexual behavior. Testimony was received indicating that the children involved in the episode consumed marijuana at defendant's apartment on the day following the criminal incident. If receipt of this evidence was erroneous, it was compounded by the prosecutor's examination and comments made during final argument.

In our opinion, the evidence concerning perverse depictions in defendant's apartment was relevant, and the cross-examination and argument by the state were proper. The display in defendant's apartment of pictures depicting aberrant behavior like that of which defendant was accused refutes the inference otherwise to be drawn that defendant did not commit acts which others would consider unnatural and repulsive. See, People v. Sampson, 1 Ill. 2d 399, 115 N. E. 2d 627 (1953); cf. State v. Haney, 222 Minn. 124, 23 N. W. 2d 369 (1946). The testimony of marijuana

usage in defendant's apartment on the day following the criminal events was irrelevant. However, apart from our uncertainty as to whether defendant considered this testimony prejudicial at the time of trial we are satisfied that its receipt had no significant impact on the jury's verdict of guilty.

We have examined other claims of improper cross-examination and improper argument by the attorney for the state and find them to be without substantial merit.

■ Defendant contends that the instructions of the trial court were inadequate with respect to (a) evidence of other offenses, (b) evidence of defendant's character, and (c) presumptions and the burden of proof. The trial court, acting in response to the request of defendant's counsel, instructed the jury that "[a]n allegation of the Defendant having committed any other crime is no proof that the Defendant committed the crime charged in the Information." The instruction given with respect to character reads: "Evidence of good character has been introduced by the Defendant. It goes to the proposition of the Defendant's guilt and bears upon the general question of guilty or not guilty, which should be considered by you with all the other evidence in the case." As to the presumption of innocence and the burden of proof, the trial court instructed that the state had the burden of proving all the material and essential elements of the crime charged beyond a reasonable doubt; that the defendant was "presumed innocent until the contrary is proved and in case of legal doubt, he is entitled to an acquittal." And again, "The burden of proof in this case rests upon the Prosecution from the beginning to the end of the trial, to establish beyond a reasonable doubt every essential element to the conviction of the Defendant."

These instructions, and others given by the trial court, satisfy us that the jury was adequately informed that the defendant was entitled to a presumption of innocence and to proof beyond a reasonable doubt.

■ Defendant's claim that the case should be remanded to the district court for proper sentencing procedures under Minn. St.

246.43 is rendered moot by the fact that defendant was discharged from confinement on February 9, 1972.

Affirmed.