STATE of Minnesota, Respondent,

v.

Donald BIRD, Appellant.

No. 48943.

Supreme Court of Minnesota.

April 11, 1980.

C. Paul Jones, Public Defender, and Eva-lynn Welling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen, Spec. Asst. Atty. Gen., and Elizabeth Cutter, Law Clerk, St. Paul, Harry Christian, County Atty., LeCenter, for respondent.

YETKA, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn. Stat. § 609.342(b) (1976) (sexual penetration of complainant between 13 and 16 years old by actor who is more than 48 months older and is in a position of authority over the complainant and uses this authority to coerce the complainant to submit). The trial court sentenced defendant to a maximum prison term of 20 years and denied defendant's petition for postconviction relief. On this appeal from the judgment of conviction and from the order denying postconviction relief, defendant contends that the evidence of his guilt was legally insufficient, that his trial was unfair because of the vagueness of the allegations as to the dates on which he allegedly committed certain prior crimes against complainant, and that the postconviction court abused its discretion in failing to order a psychological examination of complainant and in failing to order a new trial on the basis of complainant's alleged recantation of her trial testimony. We affirm.

■ 1. Defendant's first contention is that the evidence failed to establish that he was in a "position of authority" over complainant or that he used this position of authority to coerce complainant to submit to sexual penetration.

Minn. Stat. § 609.342(b) (1976), which defendant was convicted of violating, provides a 20-year prison term for sexual penetration of a complainant between 13 and 16 years old by an actor who is more than 48 months older and is in a position of authority over the complainant and uses this authority to coerce the complainant to submit. Minn. Stat. § 609.341, subd. 10 (1976), defines "position of authority" as follows:

> "Position of authority" includes but is not limited to any person acting in the place of a parent and charged with any of a parent's rights, duties or responsibilities to a child, or a person who is charged with any duty or responsibility for the health, welfare, or supervision of a child, either independently or through another,

no matter how brief, at the time of the act.

In *State v. Waukazo*, 269 N.W.2d 373 (Minn. 1978), we upheld a conviction under this section where the evidence established that an adult son of the complainant's foster parents had a position of authority over the complainant and used this authority to coerce the complainant to submit to sexual penetration.

The evidence at the trial in this case established that defendant, who was 47 years old at the time of the incident, was complainant's uncle, that complainant's parents occasionally left complainant in defendant's care, and that defendant abused his position of authority and responsibility over complainant, who was only 14 at the time, by showing her pornographic movies and by coercing her into engaging in sexual activity with him by telling her that she had to do what he told her to do and that she would be in "big trouble" if she refused. Complainant's testimony as to the sexual activity was corroborated by another adult, who was a friend of defendant and had witnessed some of the sexual acts between defendant and complainant. We readily conclude that the evidence was sufficient to support the verdict.

■ 2. Defendant's contention relating to the vagueness of the allegations as to the date of the occurrence of the prior sexual offenses committed by defendant on complainant, evidence of which was admitted at trial, is answered by reference to our decision in *State v. Waukazo*, 269 N.W.2d 373 (Minn.1978), where an identical contention under fairly similar facts was made and rejected. As we stated there, it is not always possible to know when an offense or offenses occurred, especially in a case involving a minor sex victim who does not report the incident to the authorities immediately. While we could reverse defendant's conviction if we believed that the allegations concerning the prior offenses were so vague that they made it impossible for defendant to defend himself, we do not believe this is such a case.

■ 3. Defendant's contention that the postconviction court erred in failing to order a psychological examination of complainant to determine her competency as a witness is also governed by prior decisions. *See State v. Lasley*, 306 Minn. 224, 236 N.W.2d 604 (1975), and *State v. Shotley*, 305 Minn. 384, 233 N.W.2d 755 (1975). Here, as there, we hold that the court did not abuse its discretion in failing to order a psychological examination of the witness.

■ 4. Defendant's final contention, that the postconviction court abused its discretion in refusing to grant defendant a new trial on the basis of complainant's alleged recantation of her trial testimony, is answered by reference to our opinion in *State v. Hill*, 312 Minn. 514, 253 N.W.2d 378 (1977). There we held that a defendant may not obtain a new trial on this ground unless he has acted with due diligence and the defendant's evidence reasonably establishes that a witness has recanted and that without this witness' perjured testimony at trial the jury might well have reached a different verdict. Here the defendant's evidence that the complainant had indeed recanted was weak, and the evidence that her testimony at trial, which was corroborated by a friend of defendant, was truthful was strong. Under the circumstances, the postconviction court did not abuse its discretion in refusing to order a new trial on this ground.

Affirmed.