**Leo WHELAN, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–518.**

Supreme Court of Minnesota.

Aug. 17, 1982.

C. Paul Jones, Public Defender, and Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Paul Morreim, County Atty., Albert Lea, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Leo Whelan, age 61, from an order of the Freeborn County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

In 1965 petitioner was convicted of sexually assaulting a 5-year-old girl and was sentenced to a prison term of 5 years.

In 1968 petitioner forced an 11-year-old girl to submit to sexual intercourse, and he subsequently was convicted of sexual intercourse with a child, Minn.Stat. § 609.295(2) (1968) (since repealed). For that offense he was sentenced to 20 years in prison. His conviction was affirmed in *State v. Whelan,* 291 Minn. 83, 189 N.W.2d 170 (1971). The denial of postconviction relief was affirmed in *Whelan v. State,* 298 Minn. 545, 214 N.W.2d 344 (1974).

In 1973 petitioner was paroled to Arizona. In January of 1975 he was convicted of child molesting in Arizona and was sentenced to a prison term of 7 to 30 years. In 1981 he was paroled to a Minnesota detainer. Petitioner's 20-year sentence for the 1968 offense is scheduled to expire on January 25, 1986, and petitioner is scheduled to be released from prison on that date also. The Minnesota Corrections Board recently denied an application for parole by petitioner on the ground that petitioner was dangerous without treatment. The board recommended that petitioner look into treatment in the sexual offender program at the St. Peter State Hospital.

Petitioner's criminal history score at the time of sentencing would have been three if the Guidelines had been in effect. Sexual intercourse with a child translates to criminal sexual conduct in the first degree, a severity level VIII offense. The presump-

tive sentence for this offense by a person with a criminal history score of three is 76 months in prison. If petitioner were resentenced to the presumptive sentence or a sentence twice as long as the presumptive sentence, petitioner would be eligible for immediate release from prison and discharged from sentence.

The postconviction court refused to resentence petitioner according to the Sentencing Guidelines because it was unable to find that petitioner's early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

As stated in *State v. Champion*, 319 N.W.2d 21, 23 (Minn.1982), "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving a sentence for a violent offense and has a record of recidivism. Petitioner failed to overcome these factors and establish that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society.

Petitioner remains subject to the jurisdiction of the commissioner of corrections.

Affirmed.