**STATE of Minnesota, Respondent,**

v.

**Dwight J. HOLMES, Appellant.**

**No. C8–85–122.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Review Denied Nov. 26, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Michael F. Cromett, Asst., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant, Dwight Holmes, was convicted of intrafamilial sexual abuse in the first degree. Minn.Stat. § 609.3641, subd. 1(2)(e) (1984) for committing multiple acts of sexual abuse against his stepdaughter. On appeal he contends he was denied his right to be present at trial by his absence at various in-chambers proceedings, that the trial court abused its discretion in denying his request to force the victim to undergo a physical and psychological examina-tion and that the evidence was insufficient to sustain his conviction. We affirm.

## FACTS

Appellant's conviction arose out of his continued sexual abuse of his stepdaughter H.L., age 13 at the date of trial. H.L. testified that appellant had been sexually abusing her for years, sometimes two to four times a week. H.L. indicated the last time appellant had sexual intercourse with her was on Mother's Day, May 13, 1984. She ran away from home on May 15th to a foster home of a friend and revealed her history of sexual abuse. Appellant was convicted and sentenced to the presumptive term of 43 months imprisonment.

## ISSUES

1. Was appellant denied his "right to be present" at various in-chambers proceedings?

2. Did the trial court abuse its discretion by denying appellant's request to force the 13-year-old victim to undergo a physical and psychological examination?

3. Was the evidence sufficient to sustain appellant's conviction?

## ANALYSIS

I.

Before and during trial a number of motions were made and considered in-chambers out of the presence of appellant. Appellant's counsel was present. These included: (1) A motion by the State to amend the complaint to clarify that the multiple acts of abuse must have occurred after March, 1983. The trial court granted this motion. (2) A motion by appellant's counsel to preclude the State from inquiring into acts occurring before May, 1981. The trial court ruled the acts would not violate the "ex post facto" provision of the constitution but reserved ruling on admissibility until trial. (3) A motion by appellant's counsel to limit testimony of the victim to acts committed in St. Louis County. The trial court reserved ruling on this until

trial. (4) A motion by appellant's counsel for a continuance to allow a physician of the defense's choice to conduct a physical examination of the victim. The trial court agreed with the prosecution in denying this request and commented that the defense was free to interview the doctor who conducted an examination of the victim and told appellant's counsel to renew the motion during trial if desired. (5) A motion by appellant's counsel for a psychological examination of the victim to determine competency. The trial court denied the request and offered to conduct an inquiry into competency before the victim testified. The next day, before the victim testified, appellant's counsel did not ask for such an inquiry. (6) A motion by appellant's counsel to vary voir dire procedure. The trial court denied this motion. (7) A motion by the state to amend the complaint to reflect the correct date of birth of the victim. This was granted. (8) The prosecutor's demand for defense disclosure of summaries of statements taken from State's witnesses. Apparently no such summary was made by the defense and the matter was dropped. (9) A motion by the State to preclude testimony by appellant about a prostrate condition. The trial court granted this motion but testimony on the condition was received at trial. (10) A motion by appellant's counsel to dismiss the charge after the State rested. The trial court denied this motion.

■ A defendant has a right to be personally present at every critical stage of his trial. *State v. Bouwman,* 354 N.W.2d 1, 8 (Minn.1984); Minn.R.Crim.P. 26.03, subd. 1. However this right does not extend to in-chambers arguments on questions of law. *Id.* at 8–9; *United States v. Gunter,* 631 F.2d 583, 589 (8th Cir.1980). *See State v. Farrar,* 271 Minn. 330, 332, 136 N.W.2d 68, 70 (1965). All of the motions and arguments here were issues of law which did not compel defendant's presence. *State v. Grey,* 256 N.W.2d 74 (Minn. 1977), does not compel a different result here.

■ In addition, any error was harmless beyond a reasonable doubt as appellant's absence did not prejudice his case. *See Bouwman* at 8–9; *Grey* at 76. As will be further discussed, the evidence of appellant's guilt is overwhelming.

## II.

Appellant claims the trial court abused its discretion in denying his motion for a physical and psychological evaluation of the victim.

1. By July 3, 1984, defense counsel had been provided a copy of a medical report from Dr. William Lundberg. Dr. Lundberg performed a gynecological examination of the victim. His report included the statement that "there appears to be a disruption of the hymen from about 6 o'clock to 4 o'clock." On the date of trial, September 10, 1984, appellant's counsel moved to have a physician of their choice conduct a gynecological examination of the victim because he claimed Dr. Lundberg's report was "inconclusive." The prosecutor objected to the request and indicated appellant could interview Dr. Lundberg prior to his testimony to clarify any ambiguity in his report. The trial court concurred with this.

■ Appellant's request for such an examination was unreasonable. We initially note that appellant never met with Dr. Lundberg during the three months the trial was pending. The motion made under Rule 9 of Minnesota Rules of Criminal Procedure was untimely. Appellant could have obtained the information or a clarification by merely interviewing Dr. Lundberg.

■ Of more importance, there is no right of a defendant to compel the victim of sexual abuse, especially a child, to submit to a gynecological examination. We have previously indicated the rules of criminal procedure do not even sanction the *deposition* of a crime victim, absent extraordinary circumstances, partly because of the possible harassment to the victim. *See City of Bemidji v. Harr,* 368 N.W.2d 359, 360 (Minn.Ct.App.1985). If any such right

exists to a defendant, it is a matter left to the sound discretion of the trial court. *Gregg v. State,* 69 Okl.Cr. 103, 101 P.2d 289, 294–95 (1940). Appellant has not demonstrated any abuse of discretion.

 Further, Dr. Lundberg testified that the word "appears" in his report should have been deleted because he meant to indicate the hymen was actually disrupted. Had appellant's counsel chosen to avail himself of the opportunity to talk to Dr. Lundberg, it would have been discovered the report was clear and unambiguous.

2. Prior to trial H.L. spent two days in a hospital due to the anxiety of testifying. Appellant sought a psychological examination to determine her competency. The trial court denied the motion and the following day asked defense counsel if an in-camera competency examination was requested. Defense counsel said no and expressed his dissatisfaction that a report was not provided about her "emotional stability and mental condition."

"The decision to order an examination for the purpose of determining a child's competence as a witness is within the discretion of the trial court." *State v. Sullivan,* 360 N.W.2d 418, 423 (Minn.Ct. App.1985), *citing State v. Shotley,* 305 Minn. 384, 233 N.W.2d 755, 758 (1975), and *State v. Whelan,* 291 Minn. 83, 86–87, 189 N.W.2d 170, 173 (1971). The record shows the trial court handled this situation thoughtfully and appellant has failed to demonstrate any abuse of discretion.

### III.

The victim, H.L. was 13 years old and obviously, at least of average intelligence. Her testimony, largely unimpeached, was highly detailed and apparently credible to the jury. In addition, her testimony was corroborated by the medical evidence and by the testimony of witnesses who testified about her emotional state when she recounted what had happened. The evidence of guilt was overwhelming.

### DECISION

Appellant was not denied any constitutional or statutory rights by his absence during in-chambers discussions of law. The trial court did not abuse its discretion in denying appellant's request to have the 13-year-old victim undergo a physical and psychological examination. The evidence was sufficient to convict appellant of intrafamilial sexual abuse in the first degree.