STATE of Minnesota, Respondent,

v.

Lawrence Burton MILLER, Appellant.

No. C1–84–1974.

Court of Appeals of Minnesota.

Sept. 24, 1985.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Charles A. Diemer, Dakota Co. Atty., Hastings, for respondent.

Harvey N. Jones, Hastings, for appellant.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a jury verdict of guilty to four counts of criminal sexual conduct, and denial of a motion for a new trial. We affirm the verdict on the first three counts, vacate the guilty verdict on Count IV and remand for sentencing.

## FACTS

Appellant Lawrence Burton Miller first met Christine in the fall of 1981 and first had intercourse with her in Bloomington on February 26, 1982. At that time, Miller was 28 years old and Christine was 15 years old. Although uncertain of the exact dates, Christine stated they had sexual intercourse off and on to the date of trial.

On December 24, 1983, Christine's younger sister Cindy spent three nights visiting Christine . at the apartment she shared with Miller. The first two nights she slept on a couch in the living room. The third night she slept in the bed with Christine and Miller because the couch was cluttered with Christmas packages. Cindy went to bed dressed in her underwear, a flannel nightgown, and a bathrobe that extended to her ankles. Both sisters and Miller testified that when they first went to bed Miller was on one side, Christine was in the middle, and Cindy was on the opposite side. Cindy fell asleep and woke up to find Miller's finger in her vagina. Cindy testified that Miller changed places with Christine and was lying in the middle of the bed. She testified his eyes were open during the assault and that he held her arm when she attempted to leave. When Miller let go of her arm, she went to the living room and cried. Miller came out and told her that if he had done something to her it must have been while he was sleeping. Cindy spent the remainder of the night in the living room.

At a family gathering the next day Cindy told her cousin what Miller had done to her. When Cindy returned to school after the holiday recess, she told her counselor that Miller had sexually assaulted her. The counselor reported the incident to police.

Miller was charged with four counts of criminal sexual conduct. Count I alleged

that Miller engaged in sexual penetration with Cindy while a juvenile in violation of Minn.Stat. § 609.344(b) (1982). Count II alleged that Miller engaged in sexual penetration with Cindy at a time when Miller knew or should have known that she was physically helpless in violation of Minn. Stat. § 609.344(d) (1982). Count III alleged that Miller had sexual contact with Cindy. Count IV alleged that Miller engaged in sexual penetration with Christine while a juvenile in violation of Minn.Stat. § 609.-344(b).

Following a jury trial in Dakota County District Court, Miller was convicted on all four counts. He was sentenced on Count IV to 20 months, with execution stayed and 10 years probation. On Count II he was committed to the commissioner for 49 months. On appeal, Miller contends that his motion for new trial should have been granted where Christine changed her testimony after trial, that the evidence was insufficient to support his conviction of criminal sexual conduct in the third degree (Count IV of the complaint) and the sentencing court erred in its refusal to depart downward from the presumptive sentence imposed.

## ISSUES

1. Did the trial court err in its denial of defendant's motion for new trial where the witness changed her testimony after trial?

2. Was there sufficient evidence to convict the defendant of Count IV of the complaint?

3. Did the trial court err in its refusal to depart downward from the presumptive sentence imposed?

## ANALYSIS

1. Appellant contends it was error to deny his motion for a new trial where Christine changed her testimony after trial. In his original theory of the case appellant claimed he was asleep if he sexually abused Cindy. At the omnibus hearing and trial Christine testified that she both went to sleep and woke up in the middle of bed. She testified she did not recall hearing or

seeing anything during the night. At the sentencing hearing several months after trial, Christine stated she recalled getting out of bed during the night and putting Miller in the middle when she returned.

Appellant argues the credibility of his defense rests solely on the parties bedtime positions. If Christine's trial testimony is believed it is difficult to maintain he acted in his sleep because he would have had to leapfrog his regular sexual partner to make advances to her younger sister. Consequently, Miller did not attempt to present his sleep theory at trial. If the recanted testimony is submitted in a new trial, Miller will then testify that he went to sleep with his regular sexual partner to his immediate right. During the evening without his knowledge he was placed into the center of the bed. When he made sexual advances during his sleep the person now to his right was no longer his girlfriend but his girlfriend's sister.

A two-pronged test is used to determine whether a new trial should be granted because of recanted testimony:

1. The defendant has acted with due diligence in seeking a new trial and,

2. The court is reasonably convinced that the witness has indeed recanted and that without the witness' perjured testimony at trial, the jury might have reached a different verdict.

*Whelan v. State,* 298 Minn. 545, 214 N.W.2d 344 (Minn.1974).

Assuming arguendo that Christine's post-trial version of the facts qualifies as recanted testimony, such testimony is not likely to alter the outcome. At trial, Cindy testified both on direct and cross examination that Miller was in the middle of the bed when the incident occurred. If Miller wanted to pursue the defense of sex while sleeping, the victim's testimony certainly allowed him to do so. Further, the new statements of Christine are not consistent with Miller's trial testimony. Miller testified that when he went to bed Christine was in the middle, he was on one side, and Cindy was on the other side. On direct examination Miller admitted that when he woke up and observed Cindy leaving the

**532**

room after the incident he was in the same position as when he first went to bed.

The jury was presented with all possible sleeping positions at trial. It is obvious from the 24 minutes it took the jury to convict Miller of all four counts that they found Cindy's version of the facts most credible. Christine's present change of heart does not constitute grounds for a new trial.

2. Appellant claims the evidence was insufficient to support his conviction of Count IV of the complaint.

■ In reviewing the sufficiency of evidence for a criminal conviction, this court must ascertain whether a jury could reasonably conclude that the defendant was guilty of the offense charged given the facts in the record and the legitimate inferences which can be drawn from the facts. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978). This court must examine the evidence in the light most favorable to the state, assuming the jury believed the evidence supporting the conviction and disbelieved the contrary evidence. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980).

■ Keeping in mind the criteria of *Merrill* and *Pieschke* we cannot find support in the record for a guilty verdict on Count IV. Christine's testimony was that following the first incident of intercourse in Bloomington she had intercourse with Miller "off and on" from February 26, 1982 to the date of trial. During that time period Miller lived in Eagan, first by himself and in May 1982 in an apartment he shared with Christine. We do not believe this evidence supports the inference that intercourse took place in Dakota County prior to her 16th birthday on April 17, 1982.

■ 3. Appellant claims his poor physical health compels alternative sentencing arrangements such as treatment in a counseling program.

The court-appointed psychologist, in her presentence report, stated:

> Mr. Miller described his physical health as relatively good, although he indicated that he has trouble handling anxiety and tends to experience stomach problems.

If appellant has problems with his health while in prison, adequate facilities are available there for his care.

## DECISION

The changed testimony of a witness under the circumstances of this case does not mandate a new trial. The evidence was sufficient to support the verdict on three counts and insufficient to support the verdict on Count IV. We affirm in part and reverse the judgment on Count IV. The trial court did not err in its sentence. However, we note that appellant was sentenced on Count IV prior to being sentenced on Count III. Appellant must be resentenced only if his criminal history score was enhanced by the conviction on Count IV which we now dismiss. We affirm in part, reverse in part and remand to determine if appellant's criminal history score is affected by dismissal of Count IV.