**STATE of Minnesota, Appellant,**

v.

**Arthur GARRETT, Respondent.**

**No. C4–85–1560.**

Court of Appeals of Minnesota.

April 15, 1986.

Review Denied May 29, 1986.

**618**

Hubert H. Humphrey, III, Atty. Gen., Timothy R. Faver, Asst. Beltrami Co. Atty., Bemidji, for appellant.

Mark L. Rodgers, Asst. Public Defender, Bemidji, for respondent.

Heard, considered and decided by NIER-ENGARTEN, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is a pretrial appeal by the State, pursuant to Minn.R.Crim.P. 28.04, subd. 1(1), of an order requiring the complainant in an intrafamilial sexual abuse prosecution to undergo a physical examination. We reverse.

## FACTS

Appellant Arthur Garrett was charged with intrafamilial sexual abuse in the first degree for allegedly engaging in sexual penetration with his fifteen year old daugh-ter over a two-year period ending December 1984. A neglect petition was filed in the county court, and a physical examination of the complainant was ordered in connection with that case. This examination was conducted by Dr. John Parkins, the court appointed physician, at the Bemidji Hospital. Dr. Parkins concluded that the complainant had been penetrated several times.

Apparently defense counsel consulted several doctors who disagreed with Dr. Parkins's findings and diagnosis. They told defense counsel it was doubtful whether anyone could tell if the victim had been sexually penetrated. Defense counsel moved for an order requiring the complainant to be examined by another doctor.

After the hearing on this motion, the trial court stated as follows:

> I do have in mind the child's interest. I am reluctant to grant the defendant's right to a second physical examination, but this is obviously a serious charge that this man is faced with and in view of the facts that the State intends that Dr. Parkins testify about the medical examination of this girl, I'm going to allow it.

The State appealed from the pretrial order.[1]

## ISSUE

Did the trial court abuse its discretion in ordering a child sexual abuse complainant to undergo a physical examination?

## ANALYSIS

In connection with a request by the defendant to have the complainant in a sexual abuse case undergo a physical examination, this court stated as follows:

> Of more importance, there is no right of a defendant to compel the victim of sexual abuse, especially a child, to submit to a gynecological examination. We have previously indicated the rules of

1. We asked the parties to brief the question of whether the appeal was premature in that Minn. R.Crim.P. 28.04, subd. 2(8) indicates that the State may not appeal until after the omnibus hearing, or the evidentiary hearing and pretrial conference. We are satisfied that the appeal is proper because at the time respondent pleaded not guilty, he stated that there were no omnibus hearing issues and he waived the omnibus hearing.

Respondent's motion to strike various portions of the State's brief and appendix is denied. Respondent did not demonstrate that the State included matters not part of the record.

criminal procedure do not even sanction the *deposition* of a crime victim, absent extraordinary circumstances, partly because of the possible harassment to the victim. If any such right exists to a defendant, it is a matter left to the sound discretion of the trial court. Appellant has not demonstrated any abuse of discretion.

*State v. Holmes,* 374 N.W.2d 457, 459–60 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Nov. 26, 1985) (citations omitted).

In the present case, we believe the trial court abused its discretion in ordering the physical examination.[2] No compelling reason for a second examination has been demonstrated. Respondent indicated at oral argument that there is a difference of opinion among doctors about whether an examination can reveal if a woman has been sexually active. Respondent is of course free to call an expert to testify to this assertion. However, respondent indicated that he hoped an examination would show the victim was not sexually active. There is no substantial showing that a second physical examination will reveal anything probative for respondent. Furthermore, the examination will not be helpful to respondent's defense that he is impotent, which in any event is irrelevant to the charges brought against him.

█ In these cases involving alleged sexual abuse, we recognize the trial court has some discretion. However, the trial court should exercise extreme caution before ordering a physical examination of the complainant. Only a rare case would justify such an order based upon a showing of compelling need. The confrontation rights of the defendant are not jeopardized in this case. At trial, respondent will be able to cross-examine both the complainant and the doctor who performed her physical examination. *See generally Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) (discussion of right of confrontation).

█ Apparently the trial court believed that no objection would be made to a court-ordered examination inasmuch as the attorney appointed on behalf of the complainant stated at the hearing, "Frankly, if the Court orders it, she would go ahead with it." However, we are not convinced that respondent made the requisite showing of need for an order requiring a sexual abuse complainant to undergo a physical examination. Finally, we are of the opinion that a further examination would constitute an unnecessary annoyance and embarrassment to the complainant.

## DECISION

The trial court abused its discretion in ordering the complainant in a sexual abuse case to be physically examined.

Reversed.

NIERENGARTEN, J., dissents.

NIERENGARTEN, Judge, dissenting.

I respectfully dissent. The majority recognizes that the right of a defendant to compel the victim of sexual abuse to submit to a physical examination is a matter left to the sound discretion of the trial court. *See State v. Holmes,* 374 N.W.2d 457, 459–60 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Nov. 26, 1985). The majority skirts *Holmes* by stating no compelling reason has been demonstrated here for such examination. On the contrary, the trial court stated its reasons for its ruling rather succinctly:

I do have in mind the child's interest. I am reluctant to grant the defendant's right to a second physical examination, but this is obviously a serious charge that this man is faced with and in view of the facts that the State intends that Dr. Parkins testify about the medical examination of this girl, I'm going to allow it.

There was no abuse of discretion.

---

2. This case does not involve the authority of the trial court to order a psychological examination to determine a witness's competency to testify as in *State v. Shotley,* 305 Minn. 384, 233 N.W.2d 755 (1975).