**STATE of Minnesota, Respondent,**

v.

**Wayne Steven SHELDON, Appellant.**

**No. C6–86–260.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Roger Van Heel, Stearns Co. Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Wayne Sheldon appeals from a conviction of second degree assault under Minn.Stat. § 609.222 (1984) contending there was insufficient evidence. We affirm.

## FACTS

Appellant was charged with second degree assault for the stabbing of Reymundo Nevarez. Nevarez was stabbed in the back

on November 23, 1984 during a melee outside the Playland Ballroom in Kimball, in which he and a friend, John Mendoza, were attacked and beaten by a crowd of 25 or 30 people. Nevarez did not realize he had been stabbed until he and Mendoza were driving home and could not positively identify his assailant.

Appellant's neighbor, Daryl Nesenson, witnessed the attack on Nevarez and Mendoza. Nesenson first saw appellant's brother, John Sheldon, chasing "two Mexicans" running to their car. One hit John Sheldon on the head with part of a jack while trying to keep the crowd away. Appellant then ran up behind the other Mexican and "pushed him" in the back. As he was running, appellant was "kind of crouched down" and had "one hand up" and "one hand down." Nesenson did not see anything in appellant's hands and did not know which part of the Mexican's back he made contact with. Nesenson did not know a stabbing had occurred until the following day:

> The next day, see, Wayne came over and stuff and * * * we were sitting around talking and he said that somebody got stabbed up there. * * * And he said it was with his knife, but he didn't do it.

Nesenson has numerous felony convictions, and told police about his conversation with appellant with the expectation that he might receive a lesser sentence on a pending charge.

While in jail on an unrelated charge, John Sheldon signed a written statement implicating appellant, stating appellant told him he had stabbed one of the Mexicans with his jack knife. John Sheldon described the knife as having a chrome and wood handle and a four-inch blade. He also said appellant showed him the knife as they were driving home and there was blood on the blade. At trial, John Sheldon testified he could not remember appellant admitting the stabbing and only signed the statement because he was himself a suspect. At age eighteen, John Sheldon has seven felony convictions.

Another brother, Gary Sheldon, said that he drove John Sheldon and appellant to the Playland Ballroom and came back to pick them up about 12:30 a.m. When he got back, John's head was bleeding. All three brothers got into Gary's pickup and drove to the St. Cloud Hospital. According to Gary Sheldon, appellant never said he had stabbed anyone and did not show them his knife. Gary Sheldon has a felony conviction for burglary.

Appellant's motion for a judgment of acquittal was denied by the trial court which said:

> If I were a juror, I think I would vote for acquittal, but I feel that there is barely enough evidence that if believed by the jury and accepted it would support a finding of guilty.

The jury found appellant guilty as charged. Appellant's motions to set aside the jury's verdict and for a new trial were denied and he was sentenced to commitment to the Commissioner of Corrections for 24 months, a downward departure from a presumptive 30–month sentence. When denying the motions, the trial court said:

> The defendant in this case, however, is not convicted solely upon circumstantial evidence. There was testimony that the defendant had admitted the assault to his brother. The brother then repudiated and denied the story when testifying. The jury could have accepted either version from the evidence presented.
>
> There was other evidence, largely circumstantial in nature, that placed defendant at the scene and, in fact, indicated that he might well have been the actor in the assault. The victim of the assault was not aware that he had been stabbed until sometime after he had left the scene. He had given a physical description of the person he assumed to have assaulted him which was substantially different from a description of the defendant. This discrepancy was presented to the jury.

### ISSUES

Was there sufficient evidence for the jury to reasonably conclude appellant was guilty of second degree assault?

## ANALYSIS

In determining the sufficiency of the evidence, an appellate court must:

view the evidence in a light most favorable to the jury verdict and decide whether the jury could reasonably have found the defendant guilty of the crime charged.

*State v. Swain,* 269 N.W.2d 707, 712 (Minn. 1978) (citing *State v. Whelan,* 291 Minn. 83, 189 N.W.2d 170 (1971)). A reviewing court cannot retry the facts and must "assume that the jury believed the state's witnesses and disbelieved any contradictory evidence." *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978).

Here the State had to prove beyond a reasonable doubt appellant assaulted Nevarez with a dangerous weapon. *See* Minn. Stat. § 609.222 (1984). This case is unusual because Nevarez did not know who stabbed him, but described his assailant as kind of big, about 21, and wearing a dark jacket. Appellant contends the testimony of John Sheldon and Daryl Nesensen was not credible and other circumstantial evidence was not inconsistent with his innocence. *See State v. Pankratz,* 238 Minn. 517, 531, 57 N.W.2d 635, 643–44 (1953).

In his written statement, John Sheldon said appellant had admitted the stabbing and shown him his knife, which had blood on the blade. If that statement is true, appellant confessed to this crime. At trial, John Sheldon denied hearing appellant make that confession. The jury also had the uncontroverted testimony of Daryl Nesenson, who saw one of the Mexicans hit John Sheldon over the head with a jack. Appellant then ran up behind the other Mexican and pushed him in the back. The next day, appellant told Nesenson about the stabbing and said his knife had been used, but denied that he was involved.

This case turned on the jury's assessment of the credibility of the State's witnesses and the weight given to their testimony. *See State v. Jones,* 347 N.W.2d 796, 801 (Minn.1984). The jury could have found John Sheldon was telling the truth when he related appellant's confession.

The jury could also have found from Nesenson's testimony appellant had both motive and opportunity to stab Nevarez, and his statements about the crime were consistent with his guilt. Based on those findings, the jury could have reasonably concluded appellant was guilty of second degree assault. *See State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980).

## DECISION

The evidence was sufficient to sustain appellant's conviction.

Affirmed.