STATE of Minnesota, Respondent,

v.

Barry R. GROSS, Appellant.

No. 51366.

Supreme Court of Minnesota.

April 24, 1981.

C. Paul Jones, Public Defender, and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Asst. County Attys., and Thomas A. Weist, Minneapolis, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated forgery-uttering, Minn.Stat. § 609.625, subd. 1(1) and subd. 3 (1978), and was sentenced by the trial court to a maximum prison term of ten years. On this appeal from judgment of conviction defendant contends that the trial court erred in admitting so-called *Spreigl* evidence and that the evidence of his guilt was legally insufficient. We affirm.

In July 1979, the theft of a large number of blank company checks from a Twin Cities business was reported. The complaint in this case charged defendant with passing one of these checks at a New Hope bank in November 1979. The other-crime evidence consisted of (a) testimony by the same teller who cashed the one check that within the same period of three or four days the same man cashed two more of these checks and (b) testimony by two employees of a Dakota County bank concerning the attempted cashing of another of these checks in September 1979. Each of the three witnesses had an adequate opportunity to view the man who passed the checks and each independently identified defendant's picture from a number of pictures shown to them. Because of the passage of time and the fact that defendant had grown a beard in the interim, each of the three witnesses was less certain in his or her identification of defendant at trial than he or she had been at the time of the photographic identification. Nonetheless, with varying degrees of certainty, they all identified defendant at trial. The defense called no witnesses.

We hold that the trial court did not abuse its discretion in admitting evidence of other acts of misconduct. The evidence of defendant's participation in the other crimes was clear and convincing, the evidence was relevant, and the potential of the evidence for unfair prejudice did not outweigh its strong probative value. The fact that the witness to two of the other crimes was the same person who witnessed the charged crime was not a reason in this case for excluding the testimony concerning those two other crimes. *See State v. Coe*, 298 N.W.2d 770 (Minn.1980); *State v. Volstad*, 287 N.W.2d 660 (Minn.1980).

We also hold that the evidence of defendant's guilt was sufficient.

Affirmed.