**STATE of Minnesota, Respondent,**

**v.**

**Gregory Lance TAYLOR, Appellant.**

**No. C4–84–1645.**

Court of Appeals of Minnesota.

June 11, 1985.

Review Denied Aug. 20, 1985.

Paul nightclub. He claims that the evidence was insufficient, that the trial court abused its discretion in admitting a *Spreigl* incident, and that the trial court erred in its instructions on reasonable doubt. We affirm.

## FACTS

Mark Mitchell was with his wife, step-sister, and her friend on Thanksgiving night in 1983 at Harry's Club, a bar which featured predominantly "disco" music and dancing. While they were at a table (Mitchell was standing because it was crowded and few chairs were available), two men stood nearby talking to people at the next table. Mitchell asked them to move because they were blocking their view. According to Mitchell, one of the men, later identified as appellant, said "Fuck you," and said to his friend, "This nigger must not know who I am." Appellant then told Mitchell that he would kill him and that he would shoot him. The two exchanged words and then started fighting. They wrestled to the ground. Something fell from appellant's jacket or pants and a gun appeared on the floor. Appellant got the gun in his hand and, although he was being grabbed by Mitchell, he turned the gun and fired two shots. The first shot missed Mitchell, but the second one hit him in the stomach. According to the medical testimony, Mitchell bled severely and was in shock. His blood pressure dropped to 55–60 and he required immediate lifesaving surgery. The bullet was never removed from his body.

At trial, the trial court admitted a *Spreigl* incident which showed that on January 3, 1977, appellant was stopped for speeding, crossing the center line, and running a stop sign. He threatened the officer with violence, made disparaging remarks about a woman rider in the police car, and was also charged with disorderly conduct. An inventory search revealed a .32 caliber handgun and clip with live ammunition on the front floor of the car.

Hubert H. Humphrey, III, Atty. Gen., Thomas J. Foley, Ramsey Co. Atty., Steven DeCoster, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, State Public Defender, Ann Remington, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Gregory Taylor was convicted of assault in the first, second and third degrees, Minn.Stat. §§ 609.221, .222, .223 (1982), after a shooting incident in a St.

Appellant was charged and convicted of assault in the first, second and third degree. He was sentenced on the first degree charge to 65 months imprisonment.

### ISSUES

1. Was the evidence sufficient?

2. Did the trial court err in admitting the *Spreigl* evidence that appellant possessed a handgun?

3. Were the jury instructions on reasonable doubt prejudicial?

### ANALYSIS

#### I.

■ There is no merit to appellant's claim that the evidence was insufficient to show that appellant did not act in self-defense and that appellant had the requisite intent to shoot Mark Mitchell.

#### II.

■ The trial court carefully weighed the proper factors in determining whether to admit the 1977 *Spreigl* incident. *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965); *State v. Billstrom*, 276 Minn. 174, 149 N.W.2d 281 (1967). The court informed the jury when the evidence was received and during final instructions on the limited purpose for which it could consider the evidence. The trial court's determination to admit the evidence was not an abuse of discretion. *State v. Gross*, 304 N.W.2d 650 (Minn.1981); *State v. Hagen*, 361 N.W.2d 407 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 18, 1985).

#### III.

The trial court gave the following lengthy instructions on reasonable doubt:

*No burden of proof rests upon the defendant to prove that he acted in self-defense.* The burden of proof is *upon the State to prove beyond a reasonable doubt that the act of defendant was not in self-defense.*

Now, when an offense has been proved against a defendant and there exists a reasonable doubt as to which of two or more degrees he is guilty, he shall be convicted only of the lowest degree.

Now, the burden of establishing the guilt of the defendant is upon the State, and in order to justify you as jurors in rendering a verdict of guilty, the State must prove beyond a reasonable doubt that the defendant has committed the offenses charged.

*Proof beyond a reasonable doubt means that the evidence must be such as to remove from your minds any reasonable doubt as to the defendant's guilt, but it is not necessary that the evidence be such as to convince you beyond any doubt whatsoever of the defendant's guilt.*

The State need not prove all evidence offered beyond a reasonable doubt. It need only prove the elements of the offenses charged. Stated another way, proof beyond a reasonable doubt means that in order to justify a finding of guilty, the proof must be such as to satisfy your minds and consciences to a reasonable certainty that the defendant is guilty, such proof as would impress the judgment of ordinarily prudent men and women with a conviction upon which they would act in their most important affairs of life.

*A reasonable doubt doesn't mean a fanciful or a capricious doubt, nor does it mean beyond all possibility of doubt.* The rule regarding reasonable doubt doesn't require or allow you as jurors to lay aside your good judgment and your good common sense, nor does it permit you to be governed by sentiment, emotion, or prejudice.

The production of the greater number of witnesses does not, in itself, necessarily establish this requisite burden of proof.

*A reasonable doubt is not a doubt which is merely fanciful or speculative, such as a skeptical mind might suggest.* A doubt which ignores a reasonable interpretation of the evidence or which arises merely from sympathy or from fear of returning a verdict of guilty is

not a reasonable doubt. A reasonable doubt is not merely a doubt which may be conjured up in the mind of a person who desires to escape the responsibility of a decision.

While it is your duty to give the defendant the benefit of every reasonable doubt, you are not to search for doubt, you are to search for the truth and give the defendant the benefit of a reasonable doubt if it arises in your mind after you have carefully considered all the evidence in the case.

If, after you have considered the evidence in this case, you can say in your own mind that you have a reasonable doubt as to whether or not the defendant is guilty, then, it is your duty to acquit him, because he is entitled to the benefit of that doubt. On the other hand, if, after you have considered all the evidence in the case no such reasonable doubt exists in your mind, then, it is your duty to find him guilty.

*The burden rests upon the State to satisfy you beyond a reasonable doubt as to all the material portions and elements of the offenses charged, and it is not sufficient to justify a conviction that you are satisfied beyond a reasonable doubt from the evidence that the defendant committed some of the acts constituting the crimes charged.* It must appear to you beyond a reasonable doubt that he has committed all of the acts necessary to constitute the offenses charged.

(Emphasis added.)

 Appellant challenges the use of the phrase "reasonable certainty." The instructions adequately explained the concept of reasonable doubt. The jury clearly understood the high burden of persuasion required by the standard. Moreover, the challenged words are not prejudicial. *See Friedman v. United States*, 381 F.2d 155, 160–61 (8th Cir.1967) ("beyond a reasonable doubt means to a reasonable * * * certainty") (quoting *Holland v. United States*, 209 F.2d 516, 523 (10th Cir.1954), which

cites 9 Wigmore, Evidence § 2497 (3rd ed. 1940)).

### DECISION

The evidence was sufficient to sustain appellant's convictions, and the trial court did not err in admitting *Spreigl* evidence or in giving its instructions on reasonable doubt.

Affirmed.