**STATE of Minnesota, Respondent,**

v.

**Craig Kerry JOHNSON, Appellant.**

**No. C3–86–281.**

Court of Appeals of Minnesota.

Dec. 9, 1986.

Hubert H. Humphrey, III, Atty. Gen. and Pamela Converse Zerin, Roseville City Atty., St. Paul, for respondent.

Tristam O. Hage, Minneapolis, for appellant.

Heard, considered, and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Craig Johnson appeals his conviction of two alcohol-related driving offenses. We affirm.

## FACTS

A jury found Craig Johnson guilty of driving while under the influence of alcohol and driving with an alcohol concentration of .10 or more, Minn.Stat. § 169.121, subd. 1(a) and (d) (1984). The convictions were based on the testimony of Minnesota State Patrol Sergeant Thomas Fraser, who observed Johnson driving, administered field sobriety tests, and directed a chemical breath test which showed an alcohol concentration of .11. Fraser also provided foundation evidence for the admission of an implied consent advisory form.

Before cross-examination of Fraser, a defense witness reported that he observed Fraser standing at defense counsel's table "looking over some yellow sheets of paper and leafing through them." Fraser was then questioned out of the presence of the jury and stated under oath that as he went to the prosecution's counsel table to look at his radar log, he glanced at the legal pad on which Johnson had been writing. He observed at the top of the pad the initials "CMT." Fraser earlier testified these initials mean "check mouth test" and remind him to recheck a subject's mouth before administering the Intoxilyzer test. Fraser

did not convey his observations to the prosecutor. The trial judge accepted Fraser's version of the incident, found his conduct was inappropriate but did not result in any prejudice to the defense, and denied defense counsel's motion for a mistrial.

During cross-examination of Fraser, defense counsel began a series of questions on the underlying complaint which Fraser had signed. He asked Fraser whether certain form language printed on the complaint was "true." The trial court sustained a relevancy objection to further questions about the complaint form. The trial court later denied defense counsel's motion to dismiss the complaint.

At the conclusion of the trial the court instructed the jury and, over defense counsel's objection, declined to give the standard jury guide instruction on proof beyond a reasonable doubt. Instead, the court used an instruction that substituted "reasonable certainty" for "moral certainty."

During their deliberations, the jury requested additional instruction on the definition of "under the influence" and the court, with defense counsel present, directed the court reporter to reread that portion of the instructions.[1]

## ISSUES

1. Was appellant denied a fair trial by the trial court's rulings limiting cross-examination, admitting the implied consent advisory form, and denying a motion for mistrial based on prosecutorial misconduct?

2. Did the trial court properly instruct the jury?

## ANALYSIS

### I

Johnson assigns as error the trial court's limiting cross-examination of Fraser on the contents of the complaint. Although Johnson requested and received a formal complaint, *see* Minn.R.Crim.P. 4.02, subd. 5(3), he made no pretrial motion objecting to the complaint. *See* Minn.R.Crim.P. 17.-06, subd. 2.

At trial Johnson objected to form language in the complaint that stated he had failed to appear for an earlier court proceeding. This language is surplusage and does not go to the sufficiency of the complaint. *See* Minn.R.Crim.P. 17.06, subd. 1. The trial court did not abuse its discretion by limiting appellant's cross-examination of Fraser. *See State v. Ture*, 353 N.W.2d 502, 515 (Minn.1984).

Further, the trial court correctly ruled that Johnson's motion to dismiss the complaint at trial was untimely. *See* Minn. R.Crim.P. 10.01. Appellant did not show good cause for his failure to make an appropriate pretrial motion and waived his right to raise the issue at trial. *See* Minn. R.Crim.P. 10.03; *see also State v. Stagg*, 342 N.W.2d 124, 126 (Minn.1984).

Johnson next contends the trial court erred when it admitted an implied consent advisory form into evidence over his hearsay objection. The first part of this form contains the advisory language set forth in the Minnesota Implied Consent Law. *See* Minn.Stat. § 169.123, subd. 2 (1984). The second part consists of two questions with blank spaces for the officer to write responses. Fraser testified that he read the form to Johnson after his arrest, asked him the questions, and wrote down his responses. Johnson argues that the form is a police report, inadmissible under Minn.R. Evid. 803(8)(B).

We disagree. The advisory portion does not record any observations made by Fraser, *see* Minn.R.Evid. 803(8)(B), and Johnson's responses are admissions. *See* Minn.R.Evid. 801(d)(2)(A). The trial court did not abuse its discretion by admitting the implied consent advisory form over appellant's hearsay objection.

Finally, Johnson contends he was denied a fair trial when Fraser read materials on the counsel table which he claims

---

1. On appeal we received only a partial transcript, which included the testimony of Sergeant Fraser, the jury instructions and verdicts, and sentencing.

contained "substantial information concerning our projected course of cross-examination." Based on Fraser's testimony, the trial court found that he saw only the top page of a legal pad being used by Johnson. Even assuming that Fraser's inappropriate actions were chargeable to the prosecutor, they do not rise to prosecutorial misconduct. Additionally, Johnson has not shown any specific prejudice that resulted from these actions. *See State v. Caron*, 300 Minn. 123, 127, 218 N.W.2d 197, 200 (1974).

## II

At the conclusion of the trial the court instructed the jury as follows:

> The defendant is presumed innocent of both of those charges; and that presumption of innocence stays with a defendant during a trial unless and until the State, through its evidence, proves each material element of the particular charge beyond a reasonable doubt.
>
> \* \* \* \* \* \*
>
> Proof beyond a reasonable doubt does not mean proof to an absolute or mathematical certainty or beyond all doubt whatsoever. Proof beyond a reasonable doubt means such proof as removes from your mind any reasonable doubt that the defendant is guilty as charged. Stated another way, before you can find the defendant guilty of a particular criminal charge as to that charge and the evidence presented *you must be satisfied in your mind and conscience to a reasonable certainty that the State proved its case.*
>
> \* \* \* \* \* \*
>
> [I]f there remains in your mind a reasonable doubt as to any of the elements of proof of that charge, the defendant is entitled to the benefit of that reasonable doubt and you must find him not guilty.
>
> \* \* \* \* \* \*
>
> That statute can be divided into material elements which must be proved beyond a reasonable doubt.
>
> \* \* \* \* \* \*
>
> If any of the elements of the charge are not proved beyond a reasonable doubt you must find the defendant not guilty.

(Emphasis added). Johnson argues that the trial court's instruction on reasonable doubt was improper because it used the phrase "reasonable certainty."

This issue was previously decided by this court in *State v. Taylor*, 369 N.W.2d 30, 32–33 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Aug. 20, 1985). Taken as a whole, the trial court's instruction adequately explained the concept of proof beyond a reasonable doubt. *Id.* at 33; *see State v. Shotley*, 305 Minn. 384, 233 N.W.2d 755 (1975).

Johnson also claims error in the trial court's not consulting defense counsel before responding to a question from the jury. During their deliberations, the jury asked the trial court to "read your statement defining under the influence." Defense counsel was present when the court reporter reread the original jury instruction on the "under the influence" element of DWI, but made no objection at that time. The trial court properly notified defense counsel of the jury's inquiry and directed the jury's attention to the original instruction. *See* Minn.R.Crim.P. 26.03, subd. 19(3)1.

## DECISION

Affirmed.