**STATE of Minnesota, Respondent,**

**v.**

**Chan SAP, Appellant.**

**No. C6–86–1747.**

Court of Appeals of Minnesota.

June 23, 1987.

Hubert H. Humphrey, III, Atty. Gen., Edward P. Starr, City Atty., Arthur Nelson, Asst. City Atty., City of St. Paul, Crim. Div., St. Paul, for respondent.

C. Paul Jones, Public Defender, Cathryn Y. Middlebrook, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant Chan Sap was convicted of fleeing a police officer, Minn.Stat. § 609.-487 (1984). He claims he was denied a speedy trial, a hearing to challenge the jury panel, a fair trial because of improper jury instructions, and he also contends that the evidence was insufficient to convict him of fleeing a police officer. We affirm.

## FACTS

On August 11, 1985, around 11:00 p.m. St. Paul police officers observed a parked car on fire on Otsego. A person stepped out from the front of the car, and walked over to a 1985 Camaro parked on the opposite side of the street. The officers heard someone yell, "That's him, that's the guy who just started the car on fire."

When the officers saw the Camaro drive away with its headlights off, they followed with their siren and red lights on. The Camaro ran a stop sign, crossed oncoming lanes of traffic, and sped away. At one point the car hit a curb and remained airborne for 60 to 80 feet. The car reached speeds of 90 miles per hour on University Avenue before finally coming to rest.

Appellant, the sole occupant of the Camaro, was arrested by the officers. He was questioned and responded in English both at the scene and at the police station. The next day appellant was questioned by a St. Paul police interpreter who spoke Laotian.

Appellant was charged on August 12, 1985, with fleeing a police officer and with arson in the third degree. At the omnibus hearing, appellant's attorney expressed concern over the lack of Southeast Asians available for the jury pool. The omnibus

hearing was continued from January 16, 1986, to June 30, 1986, due to lack of an interpreter. In the meantime, on March 10, 1986, the court denied appellant's motion to dismiss the case "in the interest of justice."

At the beginning of the trial, appellant's attorney orally challenged the jury selection based on the lack of Southeast Asians on the jury panel. The trial court denied the challenge. Appellant was found guilty of fleeing a police officer but was acquitted of arson. Chan Sap appeals the conviction.

## ISSUES

1. Was appellant denied a speedy trial?

2. Did the trial court err by not conducting a hearing on appellant's challenge to the jury panel?

3. Did the trial court err in its instructions to the jury?

4. Was the evidence sufficient to convict appellant of fleeing a police officer?

## ANALYSIS

### I.

**Speedy Trial**

■ Appellant claims his right to a speedy trial was violated because ten months elapsed between the date he was charged and the date of trial. Four factors must be examined when a defendant claims denial of a speedy trial:

Length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

*Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972).

#### A. *Length of Delay*

■ A ten month period elapsed before appellant was tried. This delay is sufficient to trigger further inquiry as the delay is presumptively prejudicial. *See id.; State v. Corarito*, 268 N.W.2d 79, 80 (Minn.1978).

#### B. *Reason for Delay*

■ The case was continued due to difficulty locating a qualified interpreter. Minn.Stat. § 611.30 (1984) states that inter-

preters are provided to "avoid injustice and to assist persons handicapped in communication in their own defense." Appellant concedes the prosecution was not acting in bad faith, and that the delay was necessary to protect appellant's rights. The record discloses no error and no prejudice to appellant by the delay on this issue.

#### C. *Assertion of Right*

Appellant was represented by counsel throughout all proceedings. He never moved for a speedy trial, but instead moved to dismiss the case on March 10, 1986, seven months after he was charged. Given appellant's late assertion of his rights, this factor does not favor appellant.

#### D. *Prejudice*

Appellant may have suffered some anxiety and concern, but he failed to demonstrate that he was prejudiced because of the trial delay. He was not incarcerated while awaiting trial. He did not testify at trial or call any witnesses. He presented no evidence of memory loss. *See State v. Helenbolt*, 334 N.W.2d 400, 406 (Minn. 1983); *State v. Givens*, 356 N.W.2d 58, 62 (Minn.Ct.App.1984) *pet. for rev. denied* (Minn. Jan. 2, 1985). We conclude that appellant was not denied a speedy trial. U.S. Const. Amend. VI; Minn. Const. Art. I, § 6.

### II.

**Jury Selection**

Appellant orally challenged Ramsey County's jury selection process, contending, first, that its reliance on driver's license and voter registration lists excluded Southeast Asians from the jury panel and, second, that people are excused from jury service too readily by the jury commissioner. The trial court refused to allow testimony relating to the jury selection process. Appellant contends this refusal was error.

Minn.Stat. § 593.46, subd. 2 (1984) states, in part:

Upon motion filed under subdivision 1 containing a sworn statement of facts

which, if true, would constitute a substantial failure to comply with sections 593.31 to 593.50, the moving party is entitled to present in support of the motion the testimony of the jury commissioner, any relevant records and papers not public or otherwise available used in the juror selection process, and any other relevant evidence.

Subdivision 3 states:

The procedures prescribed by this section are the *exclusive* means by which a person accused of a crime, the State, or a party in a civil case may challenge a jury on the ground that the jury was not selected in conformity with sections 593.-31 to 593.50.

Minn.Stat. § 593.46, subd. 3 (1984) (emphasis added).

█ Appellant did not comply with the statutory provisions necessary to challenge the jury panel. These are the exclusive provisions for such a challenge. Appellant had sufficient time and opportunity to comply with the statutes. The trial court did not abuse its discretion by refusing to hear testimony on this issue.

## III.

### Jury Instructions

Appellant challenges the court's jury instructions on proof beyond a reasonable doubt, claiming the court incorrectly defined the concept as proof "beyond a reasonable certainty." The court instructed the jury as follows:

That language contains what are called material elements which must be proved by the State beyond a reasonable doubt. And in a minute I will go into the listing of those material elements for you.

Proof beyond a reasonable doubt means such proof as removes from your mind any reasonable doubt that the defendant is guilty of the crime charged. Stated another way, before you can find the defendant guilty as charged you must be satisfied in your mind and conscience to a reasonable certainty that the State has proved each element of the offense. If, after you have drawn all of the inferences that you deem to be fair and reasonable from the evidence that you have heard, if there remains in your mind as to a material element a reasonable doubt as to whether that element has been proved, the defendant is entitled to the benefit of that reasonable doubt and you must find him not guilty. On the other hand, after you have drawn the inferences that you think are fair and reasonable from the evidence that you have heard and you are satisfied that the State has proved each material element of that offense charged beyond a reasonable doubt, then you must find the defendant guilty as charged.

Appellant characterizes the court's instruction as a "reasonable certainty" instruction. We do not accept that characterization. The words "reasonable certainty" were used only once in the instruction, in the context of the court's explanation of the standard. The court did not equate the reasonable doubt standard with reasonable certainty.

█ While words implying "proof beyond a reasonable certainty" are not favored words, the court's instruction, taken as a whole, adequately explained the reasonable doubt standard. *See State v. Johnson*, 396 N.W.2d 906, 909 (Minn.Ct. App.1986); *State v. Taylor*, 369 N.W.2d 30, 33 (Minn.Ct.App.1985), *pet for rev. denied* (Minn. Aug. 20, 1985). Any error that may have resulted from the court's use of the words "reasonable certainty" was cured by the rest of the instruction.

Courts are always safe in using the instruction of CRIM.JIG. II, 3.03 (1985):

Proof beyond a reasonable doubt is such proof as ordinarily prudent men and women would act upon in their most important affairs. A reasonable doubt is a doubt based on reason and common sense; it does not mean a fanciful or capricious doubt, nor does it mean beyond all possibility of doubt.

The use here of the words "reasonable certainty" as part of a jury instruction explaining the reasonable doubt standard was not reversible error. The instructions, taken as a whole, were sufficient to explain

to the jury the prosecution's burden of proof.

## IV.

### Sufficiency of the Evidence

We have reviewed the record and conclude the evidence was sufficient to convict appellant of fleeing a police officer. By the evidence presented, the jury could reasonably have found appellant was aware he was fleeing a police officer and intended to elude a police officer.

## DECISION

Appellant's conviction for fleeing a police officer is affirmed.

Affirmed.