INTERNATIONAL BUSINESS
MACHINE CORPORATION,
Plaintiff,

v.

SEAGATE TECHNOLOGY, INC., and
Peter I. Bonyhard, Defendants.

Civil File No. 3–91–630.

United States District Court,
D. Minnesota,
Third Division.

April 21, 1992.

Jerry W. Snider, Randall Eugene Kahnke, Faegre & Benson, Minneapolis, MN, John E. Beerbower, Evan R. Chesler, Charles K. Verhoeven, Rowan D. Wilson, Christopher P. Bogart, Michelle K. Jacobs, Jennifer L. Leuba, Timothy J. Coleman, Robert P. Pongetti, Cravath Swaine & Moore, New York City, James G. Szymanski, Morris Waisbrot, Donald B. Dillport, Davis Scott Weber & Edwards, New York City, James C. Rendeiro, III, Sharon W. Blasgen, IBM Corp. ADS-TAR, San Jose, CA, for plaintiff IBM Corp.

David Carl Forsberg, John Leo Devney, Briggs & Morgan, St. Paul, MN, James A. DiBoise, Peter J. Courture, Elizabeth M. Saunders, David J. Berger, Pascal W. DiFronzo, Angela R. Ziegenhorn, Wilson Sonsini Goodrich & Rosati, P.C., Palo Alto, CA, for defendant Seagate Technology, Inc.

David Carl Forsberg, John Leo Devney, Briggs & Morgan, St. Paul, MN, Richard Gregory Wilson, William Zane Pentelovitch, Wayne S. Moskowitz, Maslon Edelman Borman & Brand, Minneapolis, MN, James A. DiBoise, Elizabeth M. Saunders, David J.

Berger, Pascal W. DiFronzo, Angela R. Ziegenhorn, Wilson Sonsini Goodrich & Rosati, P.C., Palo Alto, CA, for defendant Peter I. Bonyhard.

James A. DiBoise, David J. Berger, Wilson Sonsini Goodrich & Rosati, P.C., Palo Alto, CA, Steven C. Tourek, Winthrop & Weinstein, Minneapolis, MN, for defendant Brendan C. Hegarty.

John E. Beerbower, Evan R. Chesler, Rowan D. Wilson, Cravath Swaine & Moore, New York City, for respondent Marakon Associates, Inc.

Roger S. Haydock, Advanced Dispute Resolution, Roseville, MN, pro se.

William Oldham, Dept. of Electrical Engineering, University of California at Berkley, Berkley, CA, pro se.

Malcolm Reid, Minneapolis, MN, Special Master, pro se.

## MEMORANDUM AND ORDER

MAGNUSON, Chief Judge.

## INTRODUCTION

This matter is before the court on plaintiff's motion for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. The parties have agreed to convert plaintiff's request for a temporary restraining order to a motion for preliminary injunction pursuant to Rule 65(a). Plaintiff seeks to enjoin defendant Peter I. Bonyhard from "being employed in a position at Seagate Technology, Inc. in which he is involved in the development, manufacture or design of MR heads for rigid disk applications." Although plaintiff has presented this motion as standing alone, it must be considered in light of the lawsuit's procedural background.

This case was originally before the Honorable Judge Robert G. Renner. On December 31, 1989, Judge Renner granted plaintiff's request for preliminary injunction.

The order, in pertinent part, stated:

(a) preliminary enjoining defendants from the disclosure and use of plaintiff's confidential information;

(b) preliminary enjoining defendant Bonyhard, for a reasonable period of time, from employment in a position at Seagate in which he is involved in the development, manufacture or design of MR heads for rigid disk applications, so as reasonably to protect plaintiff's trade secrets and confidential information;

Subsequent to Judge Renner's grant of preliminary injunction, the above captioned case was transferred to this court. Sometime thereafter, the Court of Appeals for the Eighth Circuit, by order filed April 6, 1992, dissolved Judge Renner's grant of preliminary injunction. The Eighth Circuit ordered remand to the district court "for further proceedings consistent with this opinion." In response to the Eighth Circuit ruling, on April 7, 1992, plaintiff filed this motion again seeking injunctive relief. This court entertained oral arguments the following day, April 8, 1992. For the following reasons plaintiff's motion for a preliminary injunction is DENIED.

## DISCUSSION

Initially, this court must consider plaintiff's assertion that the Eighth Circuit's ruling only dissolves paragraph (a) of Judge Renner's December 31, 1991 order and that this court therefore can reinstate paragraph (b), enjoining Dr. Bonyhard from his position at Seagate involving the development, manufacture and design of MR heads by merely cleaning up the "form" of the order. This court disagrees with plaintiff's contention. The Eighth Circuit holding is clear that the preliminary injunction is dissolved in its entirety. In particular, the Eighth Circuit held that:

[W]e conclude that the district court did not make findings of fact sufficient to demonstrate the factual basis for its ultimate conclusion. In particular, the order makes no specific findings as to whether any or all of the information claimed by IBM to be confidential and/or a trade secret is, in fact, confidential and/or a trade secret.

We further conclude that the terms of the injunction issued are not sufficiently specific to comply with Rule 65(d). The injunction does not define the "confidential information" and the "trade secrets" within its

scope, and the injunction does not define "reasonable period of time" with respect to the employment restriction. (cites omitted)

Thus, consistent with the Eighth Circuit ruling, this court must make specific findings whether the information IBM alleges is "confidential" or "trade secrets." If such findings cannot be made, then injunctive relief is inappropriate. A necessary starting point is to consider the preliminary injunction standard as set forth by the Court of Appeals for the Eighth Circuit. In *Dataphase Systems, Inc. v. CL Systems, Inc.,* 640 F.2d 109, 112–114 (8th Cir.1981) the Eighth Circuit outlined four elements to be considered by the District Court when determining whether to grant preliminary injunction: 1. the probability of the movant's success on the merits; 2. the threat of irreparable harm to the movant in the absence of relief; 3. the balance between that harm and the harm that the relief would cause to the other litigants; and 4. the public interest. *Dataphase,* 640 F.2d at 112–114. In assessing the probability of the movant's success on the merits, consistent with the Eighth Circuit's remand order, the district court must first determine whether there are indeed trade secrets. By letter brief, plaintiff interprets the Eighth Circuit's remand order to be that an injunction is justified "by the finding that (i) Dr. Bonyhard indisputably knows numerous, relevant IBM trade secrets and (ii) in light of the circumstances of employment and the lack of meaningful safeguards, it is highly unlikely that he could do the work assigned to him in connection with the development of a competitive MR head for use in disk drives without disclosing and/or using some IBM trade secrets." The court disagrees with plaintiff's analysis. The Eighth Circuit order makes no mention that the court must find it "highly unlikely that he could do the work assigned ... without disclosing or using IBM trade secrets."

At the court's request, plaintiff has provided particular items it believes it will be able to establish as trade secrets in possession of Dr. Bonyhard. Plaintiff's proposed list, lettered (a) to (n), of trade secrets is attached as exhibit A and is filed under seal.

■ First, plaintiff has not established that it is likely to prevail on the merits. Minnesota Statute § 325C.01 subd. 5 defines "trade secrets" as follows:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and
>
> (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

■ Plaintiff's listed items are not uncontroverted trade secrets. There is conflicting evidence whether any or all of the items are trade secrets subject to protection. (The court will refer to the proposed trade secrets only by their alphabetic designation.) Items (b), (c), (d), (e), (f), (h), (i) and (m) are arguably general knowledge and therefore not subject to trade secret protection. General knowledge within an industry does not constitute trade secrets. *E.R. Squibb & Sons v. Hollister,* C.A. No. 91–203, 1991 WL 15296 (D.N.J.1991) *aff'd,* 941 F.2d 1201 (3rd Cir.1991). For example, defendant has presented evidence that IBM has published papers regarding the dimensions in item (d). A second example is item (f) which defendant has presented evidence that this was known by Seagate prior to Dr. Bonyhard's arrival. With respect to items (a), (g), (j), (k), (*l*) or (n) conflicting interpretations are not quite as apparent. Nonetheless, plaintiff has not clearly established these are trade secrets subject to protection. In fact, plaintiff concedes that the list of trade secrets "do not purport to define precisely the boundaries of each trade secret." The Eighth Circuit's remand order requires such specificity for an injunction to issue. Indeed, an injunction is inappropriate if plaintiff fails "to identify specific trade secrets and instead produces long lists of general areas of information which contain unidentified trade secrets." *AMP, Inc. v. Fleischhacker,* 823 F.2d 1199, 1203 (7th Cir.1987). Thus, the court concludes

plaintiff has failed to establish specific trade secrets.

More importantly, even if any or all of IBM's listed items are indeed trade secrets, IBM has failed to establish the requisite likelihood that Dr. Bonyhard will disclose any of the particular proposed trade secrets. An injunction may issue only where there is a misappropriation or threatened misappropriation of trade secrets. Minn.Stat. § 325C.02(a). Merely showing that Dr. Bonyhard has knowledge of trade secrets is not enough. IBM has failed to show that there is "a high degree of probability of inevitable disclosure." *Surgidev Corp. v. Eye Technology, Inc.*, 648 F.Supp. 661, 695 (D.Minn.1986) *aff'd*, 828 F.2d 452 (8th Cir.1987).[1] More than a risk of irreparable harm must be demonstrated ... [an injunction] may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights ... [i]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. *E.R. Squibb & Sons, Inc. v. Hollister*, C.A. No. 91–203, 1991 WL 15296 (D.N.J.1991) *aff'd*, 941 F.2d 1201 (3rd Cir.1991). Furthermore, IBM has failed to prove that Bonyhard has actually disclosed any confidential information or trade secrets even though Dr. Bonyhard worked on Seagate's MR heads for rigid disk drives for six months prior to the entry of the earlier preliminary injunction. A trade secret will not be protected by the extraordinary remedy of injunction on mere suspicion or apprehension of injury. There must be a substantial threat of impending injury before an injunction will issue. *Allis–Chalmers Manufacturing Co. v. Continental Aviation and Engineering Corp.*, 255 F.Supp. 645, 654 (1966).

Merely showing the existence of trade secrets is not enough. For example, in *E.W. Bliss Co. v. Struthers–Dunn, Inc.*, 408 F.2d 1108 (8th Cir.1969) the Eighth Circuit held that an injunction may issue "to prevent the unauthorized disclosure and use of trade secrets." *Bliss*, at 1112. However, in the absence of a covenant not to compete or a

finding of actual or an intent to disclose trade secrets, employees "may pursue their chosen field of endeavor in direct competition" with their prior employer. *See also Surgidev*, 648 F.Supp. at 695. Merely possessing trade secrets and holding a comparable position with a competitor does not justify an injunction. A claim of trade secret misappropriation should not act as an ex post facto covenant not to compete. *Bliss*, at 1112–1113. The "protection given to trade secrets is a shield, sanctioned by the courts, for the preservation of trust in confidential relationships; it is not a sword to be used by employers to retain employees by the threat of rendering them substantially unemployable in the field of their experience should they decide to resign." *Id.* Dr. Bonyhard should be allowed to continue in his chosen profession, at least until a trial on the merits may be had. Thus, this court declines to unnecessarily interfere with Dr. Bonyhard's ability to pursue his career and therefore an issuance of preliminary injunction is DENIED.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for preliminary injunction is DENIED.

---

1. The Eighth Circuit has neither accepted nor rejected the "inevitable disclosure" doctrine. *See, FMC v. Varco International*, 677 F.2d 500 (1982) where the Fifth Circuit Court of Appeals enjoined an employer from "placing or maintaining [the employee] in a position that poses an inherent threat of disclosure." In any event, this court does not believe the future risk of Dr. Bonyhard divulging IBM trade secrets is of a degree that would warrant an injunction.