**POROUS MEDIA CORPORATION, Plaintiff,**

**v.**

**MIDLAND BRAKE INC., Defendant.**

**Porous Media Corporation, Plaintiff,**

**v.**

**Baldwin Filters, Inc., Defendant.**

**Porous Media Corporation, Plaintiff,**

**v.**

**Haldex Brake Products Corporation, Defendant.**

**Nos. Civ. 98–2510(DWF) to Civ. 98–2512(DWF).**

United States District Court, D. Minnesota.

Aug. 23, 1999.

Robert J. Tansey, Minneapolis, MN, for plaintiff.

Jacob M. Holdreith, Elizabeth A. Wefel, Minneapolis, MN, for Midland Brake, Inc.

Charles S. Oslakovic, Chicago, IL, Madge S. Thorsen, Minneapolis, MN, for Baldwin Filters, Inc.

Dean Karau, Minneapolis, MN, for Haldex Brake Products Corp.

*MEMORANDUM*

MASON, United States Magistrate Judge.

The March 11, 1999 Pretrial Scheduling Order in these cases required that by May 15, 1999, "Plaintiff shall provide to each Defendant: (a) A list of its trade secrets upon which its allegations are based; (b) A claim chart, detailing the manner in which it is alleged that Defendant's products infringe each of the claims in its patents; and (c) an itemized computation of the damages claimed to have been sustained as to each category of damages claimed by Plaintiff." By letter dated May 18, 1999, Plaintiff transmitted its responsive disclosures to Defendants.[1] The Motions now before the Court contend that the disclosures were insufficient. Defendants seek an Order requiring more comprehensive disclosures.

As to the portion of the Motions relating to damages, and the need for a more detailed claim chart, the Motion is denied without prejudice. We have placed our reasons on the record, and only outline them here. We agree that Plaintiff may be required to specify damages in greater detail, and may be required to provide the sort of specificity suggested by Defendants as appropriate in a claim chart. The Motion is denied only because the Pretrial Scheduling Order does not articulate with specificity the details of the disclosures which are now sought by Motion. These may be required by the submission of Interrogatories, and the use of other discovery devices.

The requirement in the Scheduling Order that Plaintiff provide "a list of its trade secrets upon which its allegations are based," by contrast, is sufficiently specific to require Plaintiff to provide a comprehensive response. Submitting an Interrogatory which makes this same request would be redundant. The requirement that this list be provided at an early date is also consistent with the reasons which were behind the adoption of the requirements of early voluntary disclosures in Rule 26(a)(1). Since Plaintiff failed to provide that response, it is now ordered to do so no later than September 10, 1999. We have not afforded to Plaintiff lengthy additional time to provide the list, having in mind that the litigation was commenced in November, 1998, and the Pretrial Scheduling Order issued in March of this year. Since the list is a starting point for more particular discovery, it is important that it be provided promptly.[2]

1. They are attached as Exhibit C to the Affidavit of Elizabeth A. Wefel, Docket No. 18 in File No. 98-2512.

2. Out of concern for a prompt examination of the trade secrets issue, Defendants have submitted discovery requests to Plaintiff on the issue of trade secrets based upon the disclosures heretofore made. It may be that Defendants will wish to withdraw that discovery, in order to direct it at the particularized listing of trade secrets which Plaintiff is now ordered to make.

Ordering the listing of trade secrets at the outset of the litigation is a common requirement. See, e.g. *Computer Economics, Inc. v. Gartner Group, Inc.,* 50 F.Supp.2d 980 (S.D.Cal.1999). Failure to identify the trade secrets with sufficient specificity renders the Court powerless to enforce any trade secret claim. *E.g. AMP, Inc. v. Fleischhacker,* 823 F.2d 1199, 1203 (7th Cir.1987) ("Other courts have warned Plaintiffs of the risks they run by failing to identify specific trade secrets and instead producing long lists of general areas of information which contain unidentified trade secrets. See, e.g., *Litton Systems, Inc. v. Sundstrand Corp.,* 750 F.2d 952, 954, 956–957 (Fed.Cir.1984)."); *International Business Machine, Corp. v. Seagate Technology, Inc.,* 941 F.Supp. 98, 100 (D.Minn.1992); *Electro-Craft Corp. v. Controlled Motion, Inc.,* 332 N.W.2d 890 (Minn.1983).

Plaintiff provided the following response to the requirement that it list its trade secrets:

"1. Detailed manufacturing drawings of the Porous canister and coalescer.
2. Detailed drawings of a new Porous canister.
3. Research and test data provided to Midland.
4. Manufacturing process information.
5. A patentable idea for a new canister.
6. The entire process for the design and manufacture of the old and new canister and coalescer."

These generalized statements wholly fail to provide the particulars or specificity required by law and by the Order of this Court. These lists do not afford the necessary detail by which it may be tested as to whether any of the items even constitutes a trade secret, and if so whether any Defendant possesses or uses that trade secret, or may be enjoined from using it. The response of Plaintiff is so general that it does not even particularly limit the subject matter in which the trade secret may ultimately be claimed.

The orderly disposition of cases involving claims of misappropriation of trade secrets cannot permit a situation where the details concerning the claimed trade secrets are not disclosed at an early date in the litigation. Adequate discovery cannot be conducted in the absence of the specific disclosure which is required by this Order. At trial, it is to be expected that Plaintiff will seek an injunction from the District Court, and it will ask a jury for damages. It may be that Defendants will bring a motion seeking a judicial determination prior to trial that one or more of the claimed trade secrets is not entitled to that designation. The Order of this Court requires that by September 10, 1999, Plaintiff provide a list of its trade secrets with the same specificity it will be expected to provide in these contexts.