**In re RAHR MALTING COMPANY, Petitioner.**

**In re Rahr Malting Company, Petitioner,**

v.

**County of Scott, Respondent.**

**No. CX–00–1676.**

Supreme Court of Minnesota.

Aug. 2, 2001.

Thomas J. Radio, Rolfe A. Worden, Jodi L. Johnson, Hinshaw & Culbertson, Minneapolis, for appellants.

Thomas J. Harbison, County Atty., Susan McNellis, Asst. County Atty., R. Lawrence Harris, Special Asst. County Atty., for respondent.

## OPINION

PAGE, Justice.

Through a petition for a writ of prohibition, Rahr Malting Company (Rahr) asks this court to prohibit the Minnesota Tax Court from holding a public trial in its appeal of a tax valuation of its malting facility. The tax court denied Rahr's motion to close portions of the trial to the public and to seal portions of the record to protect certain proprietary information. Rahr claims that, if the tax court does not protect the privacy of its proprietary information and the information becomes available to its competitors and customers, the disclosure will have a devastating negative impact on its business. We decline to issue a writ of prohibition, but remand for further proceedings consistent with this opinion.

Rahr is a privately held company with a malting plant in Shakopee, Minnesota. Rahr challenged Scott County's property tax assessment of its Shakopee facility for tax years 1998 and 1999. Without opposition from the county, Rahr obtained a protective order from the tax court deeming all information given to the county by Rahr to be data classified under the Minnesota Government Data Practices Act as nonpublic data. *See* Minn.Stat. § 13.51, subd. 2 (2000). The protective order provided that the classification of the information was to continue "[d]uring the pendency of this action, including any and all appeals."

After discovery was complete, Rahr learned that the county would not agree to close the trial to maintain the confidentiality of the data it had provided. Rahr filed a motion in limine with the tax court asking the court, consistent with its protection order, to close the trial to the public "during any testimony pertaining to trade secrets and proprietary information." In support of this motion, Rahr submitted the affidavit of its Chief Executive Officer, John Alsip. According to Alsip, Rahr is one of four major malt producers in the United States and has only two main cus-

tomers. At the hearing on the motion, which was apparently open to the public, Alsip testified that if Rahr's customers obtained the data Rahr provided to the county during discovery the customers could force down Rahr's marginal profits. He also claimed that if Rahr's competitors obtained the data they could price against Rahr in a manner that would threaten Rahr's viability. Alsip noted that Rahr is a relatively small company compared to its competitors and is especially careful with the data, allowing access only to essential employees and key shareholders.

Alsip testified that Rahr is concerned about protecting: sales data, cost of grain, gross margin for malting (the sale price of malt less the acquisition cost of the unmalted grain), certain general and administrative expenses, dealings between Rahr and its Canadian subsidiary, costs associated with operating lines of credit, nature and extent of working capital, amount of money borrowed, overall profitability of the company, price charged for malt, and the quantity of product the company ships to a given customer. Alsip did not identify which of this information constituted trade secrets, as opposed to merely proprietary information.

The tax court denied Rahr's motion in limine. The court interpreted its previous order to apply only to pretrial discovery not divulged in the course of the trial. The court held that it was precluded from closing the trial and sealing trial records by Minn.Stat. § 271.06, subd. 6 (2000), which states that "[t]he tax court shall hold a public hearing in every case," and Minn.R. 8610.0120, subp. 1, which states, "[h]earings before the tax court are open

to the public." The court acknowledged that in a previous decision, *Northwest Racquet, Swim & Health Clubs, Inc. v. County of Dakota,* Nos. C1–94–7204, CX–94–4126, 1995 WL 377080 (Minn. T.C. June 20, 1995), it stated it would close the tax hearing only when, on balance, the privacy interests of the litigant outweighed the policy considerations underlying the "extremely strong" presumption in favor of open hearings. *Rahr Malting Co. v. County of Scott,* Nos. 99–03807, 00–01171, 2000 WL 967457, at *2 (Minn. T.C. July 15, 2000).

The tax court found the evidence presented by Rahr to be mere assertion that disclosure would be harmful and concluded that the assertion was not clear proof of the nature and degree of harm Rahr would suffer, as required by *Northwest Racquet. See id.,* 1995 WL 377080 at *4. The court noted that in a previous tax appeal Rahr had disclosed some of the information that it was now seeking to protect. The court also noted that public hearings tend to maintain public confidence in the tax appeal system and that Rahr's novel use of the income approach to valuation in the case[1] could lead to a precedent-setting decision in which other tax petitioners might have an interest. The court denied the motion in limine on July 10, 2000.

In August 2000, Rahr sought discretionary review of the tax court's decision in this court, which we denied as not provided for in statute or the existing Rules of Civil Appellate Procedure. *See* Minn.Stat. § 271.10, subd. 1 (2000) (providing that only final orders of the tax court are ap-

---

1. The income approach, market comparison approach, and cost approach are the three traditional methods to determining the market value of real estate. *Am. Express Fin. Advisors, Inc. v. County of Carver,* 573 N.W.2d 651, 657 (Minn.1998). Appraisers must con-

sider all relevant factors to valuation and, whenever possible, should use at least two approaches to determine market value. *Equitable Life Assurance Soc'y of the United States v. County of Ramsey,* 530 N.W.2d 544, 553–54 (Minn.1995).

pealable); Minn.R.Civ.App.P. 105.01 (providing for discretionary review by supreme court of decisions of tax court effective March 1, 2001). Rahr then petitioned for a writ of prohibition, seeking an order from this court requiring the tax court to remove "all persons other than Petitioner and Respondent during any testimony pertaining to trade secrets and proprietary information relating to costs, expenses and profit margins" and to seal "[a]ny trial exhibits and any portions of the transcript and trial briefs discussing trade secrets and proprietary information relating to costs, expenses, and profit margins."

■ A writ of prohibition may be issued when: (1) an inferior court or tribunal is about to exercise judicial or quasi-judicial power; (2) the exercise of power is unauthorized by law; and (3) the exercise of power will result in injury for which there is no adequate remedy. *Minneapolis Star Tribune Co. v. Schumacher,* 392 N.W.2d 197, 208 (Minn.1986). The county does not dispute that the order denying Rahr's motion in limine was issued in the exercise of the tax court's quasi-judicial power, so we are left to consider the second and third requirements for issuance of a writ of prohibition.

■ The county contends that the tax court's exercise of power is not unauthorized by law because tax court hearings are required to be open under state statute and rule. *See* Minn.Stat. § 271.06, subd. 6; Minn.R. 8610.0120, subp. 1. This court has recognized that the analogous common law right of access to court records is not absolute, however. *Schumacher,* 392 N.W.2d at 202. Each case involves a weighing of the policies in favor of openness against the interests of the litigant in sealing the record. *Id.* at 202–03. We

consider whether the tax court abused its discretion in denying Rahr's request to close the hearing and seal records. *See id.*

■ In this case, the tax court's refusal to close the trial and seal the court records was not an unauthorized exercise of power. The tax court is in the best position to weigh the competing needs and interests of the parties, and here the court simply found that, in light of the strong presumption in favor of open proceedings and the statute mandating a public trial, Rahr failed to make an adequate showing of the harm it would suffer if disclosure were allowed. The court's finding is supported by the record, as the affidavit and testimony stated only in conclusory terms that disclosure of the data would be "devastating" and affect the "survivability" of the company. Although Rahr claims some of the information it seeks to protect constitutes trade secrets, Rahr does not explain how the information satisfies the criteria established in Minn.Stat. § 325C.01, subd. 5 (2000). Conclusory allegations of harm do not support a finding that data constitutes a trade secret. *See Int'l Bus. Mach. Corp. v. Seagate Tech., Inc.,* 941 F.Supp. 98, 101 (D.Minn.1992) (holding injunction will not issue on "mere suspicion or apprehension of injury" from disclosure; interpreting Minnesota Trade Secrets Act). Because Rahr cannot show that the tax court's action was unauthorized, the court's denial of the motion in limine does not meet the requirements for issuance of a writ of prohibition.[2]

■ Denial of the petition for a writ of prohibition notwithstanding, it is not clear from the record that Rahr had an adequate opportunity to fully present its case for closure of the trial at the hearing on

---

**2.** Because we hold that the tax court's action was not unauthorized by law, we need not determine whether the tax court's exercise of power will result in an injury to Rahr for which there is no adequate remedy. *See Schumacher,* 392 N.W.2d at 208.

the motion in limine. Nothing in the transcript of the hearing indicates it was closed to the public. Rahr may have been inhibited in its presentation of evidence by the public nature of that hearing. In the past, we have encouraged trial courts to hold in camera hearings to weigh the competing interests at stake in disclosure of confidential information. *See, e.g., State v. Turner,* 550 N.W.2d 622, 629 (Minn.1996) (authorizing in camera hearing to evaluate whether newspaper reporter should be compelled to disclose unpublished information regarding a crime); *Erickson v. MacArthur,* 414 N.W.2d 406, 409 (Minn.1987) (remanding for in camera review of requested discovery in order to balance competing interests at stake); *State v. Paradee,* 403 N.W.2d 640, 642 (Minn.1987) (requiring that court review welfare department records in camera in child sex abuse case); *Syrovatka v. State,* 278 N.W.2d 558, 562 (Minn.1979) (remanding for in camera hearing to determine if confidential informant's testimony was necessary for a fair trial). Indeed, the Trade Secrets Act specifically provides for in camera hearings to determine whether particular information qualifies as a trade secret. Minn.Stat. § 325C.05 (2000). When a party claims that a tax court hearing must be closed to protect trade secrets or other proprietary information, the court should hold a hearing in camera to determine if the information meets the definition of a trade secret or otherwise merits protection. Use of this procedure will enable a party to explain in sufficient detail the nature of the information it seeks to protect and the consequences of disclosure.

■ We agree with the tax court that Rahr has not presented facts that outweigh the strong presumption in favor of a public trial. However, because it is not clear from the record whether Rahr had an adequate opportunity to present facts in support of its motion in limine, we remand for further proceedings consistent with this opinion.

Petition denied, remanded for further proceedings.

BLATZ, C.J., took no part in the consideration or decision of this case.